IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FCI USA INC., and
FCI AMERICAS TECHNOLOGY INC.,

    Plaintiffs,

v.

MOLEX INCORPORATED

    Defendant.

Case No. 1:07-cv-00049 (JJF)

## DEFENDANT'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS, STAY OR TRANSFER

Josy W. Ingersoll (#1088)
Adam W. Poff (#3990)
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
(302) 571-6600

Counsel for Defendant Molex Incorporated

OF COUNSEL:
John W. Kozak
Dennis R. Schlemmer
Caryn C. Borg-Breen
Leydig, Voit & Mayer Ltd.
Two Prudential Plaza, Suite 4900
Chicago, IL  60601-6780
(312) 616-5600

# **TABLE OF CONTENTS**

I. NATURE AND STAGE OF THE PROCEEDINGS .................................................... 1

II. SUMMARY OF THE ARGUMENT ........................................................................... 1

III. STATEMENT OF FACTS ........................................................................................... 2

IV. ARGUMENT ................................................................................................................ 3

    A. Molex's Nevada Action is the First-Filed Action, and the Instant Case Should Thus Be Dismissed, Stayed or Transferred ............................................................. 3

        1. Because the District of Nevada Gained Possession of This Dispute Before the Instant Action Was Filed in this Court, the Dispute Should Properly Be Litigated in the District of Nevada ........................................................................ 3

        2. The Presence of Other Parties Here Does Not Alter the Proper Application of the First-Filed Rule .................................................................................................... 6

    B. Plaintiffs' Claims Here Can and Should Properly Be Litigated Compulsory Counterclaims in the Nevada Action .......................................................................... 7

        1. This Court Should Also Dismiss or Transfer the Present Case Because Plaintiffs' Claims Are Properly Characterized as Compulsory Counterclaims in the Nevada Action ........................................................................................... 7

        2. The Presence of Other Parties Here Does Not Negate the Compulsory Counterclaim Issue .................................................................................................. 9

V. CONCLUSION ............................................................................................................ 10

## **TABLE OF AUTHORITIES**

**Cases**

*Advanta Corp. v. Visa U.S.A., Inc.*,
  1997 WL 88906, (E.D. Pa. Feb. 19, 1997) ........................................................................ 7
*Akzona, Inc. v. E. I. DuPont de Nemours*,
  662 F.Supp. 603 (D. Del. 1987) ...................................................................................... 10
*AMP, Inc. v. Zacharias*,
  1987 WL 12676 (N.D. Ill. Jun. 15, 1987) ....................................................................... 11
*Arrow Communication Labs., Inc. v. John Mezzalingua Assocs., Inc.*,
  2005 WL 2786691 (D. Del., Oct. 26, 2005) ............................................................. 3, 4, 5
*Berkshire Inter. Corp. v. Marquez*,
  69 F.R.D. 583 (E.D. Pa. 1976) ......................................................................................... 4
*Crosley Corp. v. Westinghouse Elec. & Mfg. Co.*,
  130 F.2d 474 (3d Cir. 1942) ......................................................................................... 3, 5
*Dippold-Harmon Enterprises, Inc. v. Lowe's Companies, Inc.*,
  2001 WL 1414868 (D. Del. 2001)) .................................................................................. 4
*E.E.O.C. v. University of Pennsylvania*,
  850 F.2d 969 (3d Cir. 1988), aff'd, 493 U.S. 182 (1990) ................................................. 4
*Genentech, Inc. v. Eli Lilly & Co.*,
  998 F.2d 931(Fed. Cir. 1993) ........................................................................................... 4
*Genfoot, Inc. v. Payless Shoesource, Inc.*,
  2003 WL 22953183 (D. Del., Dec. 3, 2003) .................................................................... 5
*Martin v. Graybar Elec. Co.*,
  266 F.2d 202 (7th Cir. 1959) ............................................................................................ 5
*Miteq, Inc. v. Comtech Telecomm. Corp.*,
  2003 WL 179991, (D.Del., Jan. 23, 2003) .................................................................... 5, 6
*National Foam, Inc. v. Williams Fire & Hazard Control, Inc.*,
  No. Civ. A. 97-3105, 1997 WL 700496, (E.D.Pa. Oct. 29, 1997) ................................... 7
*Optical Recording Corp. v. Capitol-EMI Music, Inc.*,
  803 F.Supp. 971(D. Del. 1992) .................................................................................... 3, 4
*Peregrine Corp. v. Peregrine Indus., Inc.*,
  769 F.Supp. 171 (E.D.Pa. 1991) ...................................................................................... 4
*Polymer Industrial Products Co. v. Bridgestone/Firestone, Inc.*,
  347 F.3d 935 (Fed. Cir. 2003) ........................................................................................ 10
*Reisman v. Van Wagoner Funds, Inc.*,
  2002 WL 1459384 (D. Del. Jun. 7, 2002) ........................................................................ 6
*Rohm & Haas Co. v. Brotech Corp.*,
  770 F.Supp. 928 (D. Del. 1991) ..................................................................................... 11
*Schering Corp. v. Amgen, Inc.*,
  969 F.Supp. 258 (D. Del. 1997) ................................................................................... 7, 8
*Smith v. McIver*,
  22 U.S. 532 (1824) ........................................................................................................... 3

*Southern Construction Co. v. Pickard*,
  371 U.S. 57 (1962) ............................................................................................... 9
*Transamerica Occidental Life Ins. Co. v. Aviation Office of America, Inc.*,
  292 F.3d 384 (3d Cir. 2002) ................................................................................ 9
*Vivid Technologies, Inc. v. Applied Science & Engineering*, Inc.,
  200 F.3d 795 (Fed. Cir. 1999) ............................................................................ 10
*Whelan v. United Pacific Industries, Inc.*,
  No. Civ. A. 02-2519, 2002 WL 31513432, (E.D. Pa. Nov. 1, 2002) ................... 7
*Wilton v. Seven Falls Co.*,
  515 U.S. 277 (1995) ............................................................................................ 5

**Rules**

Fed. R. Civ. P. 13(a) ................................................................................................. 9

I.  **NATURE AND STAGE OF THE PROCEEDINGS**

This action was filed on January 29, 2007 against Defendant Molex Incorporated ("Molex") for infringement of U.S. Patent Nos. 6,981,883 (the '833 patent) and 7,114,964 (the '964 patent). Plaintiffs filed an Amended Complaint in this action further asserting infringement of U.S. Patent 7,182,643 (the '643 patent) on February 27, 2007, the same day the '643 patent was issued by the U.S. Patent and Trademark Office. Molex respectfully moves the Court to dismiss, transfer, or stay this action in favor of an earlier action Molex filed in the U.S. District Court for the District of Nevada, Civil Action No. 3:07-cv-39 (the "Nevada Action"), for a declaration of non-infringement and/or invalidity of the '833 and '964 patents. Defendant Molex submits this opening brief in support of that motion.

II. **SUMMARY OF THE ARGUMENT**

FCI Americas Technology, Inc., a plaintiff in this case and record owner of the patents in suit, is a Nevada corporation and the named defendant in the Nevada action, which was filed one day before Plaintiff's filing of the present suit. The Nevada action addresses two of the three patents that are in issue here, involves the same essential parties, and was first filed. The third patent, issued after the Nevada action was filed, arises from the same subject matter and involves the same allegedly infringing product as that presented in the Nevada action and accordingly its assertion, as are the assertions of the other two patents at issue in this case, is a compulsory counterclaim in the Nevada action. The present duplicative action would appear to be a procedural maneuver by Plaintiff to avoid litigation in the District of Nevada. This case should properly be dismissed, stayed pending resolution of this dispute by the District of Nevada, or transferred to that district as a matter of judicial economy.

III.  **STATEMENT OF FACTS**

The Nevada action was filed in the U.S. District Court for the District of Nevada on January 25, 2007. One day later, on January 26, 2007, Plaintiffs commenced the instant action. The Nevada action seeks a declaration that Molex does not infringe any claims of the '883 or '964 patents, and that to the extent Molex is considered to infringe one or more claims of those patents, such claims are invalid. The Nevada action is assigned to Judge Brian E. Sandoval.

Plaintiff FCI Americas Technology, Inc., the record owner of the two patents in suit, is the named defendant in the Nevada action. FCI Americas Technology, Inc. is a corporation organized under the laws of the State of Nevada, having a principal place of business in Nevada, and an agent for service of process in Nevada. FCI Americas Technology, Inc. is alleged in this action to be a wholly-owned subsidiary of Plaintiff FCI USA, Inc., a New York corporation with a principal place of business in Pennsylvania.

The '883 and '964 patent infringement claims filed in this action are the mirror-image of the declaratory judgment claims asserted by Molex against plaintiff FCI Americas Technology, Inc. in the first-filed Nevada action. The '643 patent, issued on February 27, 2007 and was asserted in the Amended Complaint on the same day. The claims of the '643 patent relate to the same subject matter as the '883 and '964 patent claims. The '643 patent claims priority to the same parent application as the '883 and '964 patents. In addition, Plaintiffs allege that the '643 patent is infringed by the same product they allege infringes the '883 and '964 patents.

This action should be dismissed, stayed or transferred because (a) the Nevada action is the first-filed action, and (b) the claims asserted in this action are compulsory counterclaims in the Nevada action.

2

IV.  **ARGUMENT**

  A.  **Molex's Nevada Action is the First-Filed Action, and the Instant Case Should Thus Be Dismissed, Stayed or Transferred.**

   1.  **Because the District of Nevada Gained Possession of This Dispute Before the Instant Action Was Filed in this Court, the Dispute Should Properly Be Litigated in the District of Nevada**

When two lawsuits involving the same subject are pending in different federal courts of equal rank, the first-filed rule governs which of the cases should proceed first, to the exclusion of the other. Under this rule, the court that first acquires subject matter jurisdiction over the dispute possesses the first-filed case, and should proceed first, absent exceptional circumstances. *See Smith v. McIver*, 22 U.S. 532, 535-37 (1824); *Optical Recording Corp. v. Capitol-EMI Music, Inc.*, 803 F.Supp. 971, 972 (D. Del. 1992) (*citing Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir. 1941) (noting that "in all cases of concurrent jurisdiction, the court which first has possession of the subject must decide it")). Consequently, the second-filed action is usually stayed or transferred to the court where the first-filed action is pending. *See Arrow Communication Labs., Inc. v. John Mezzalingua Assocs., Inc.*, 2005 WL 2786691 (D. Del., Oct. 26, 2005) (*citing Peregrine Corp. v. Peregrine Indus., Inc.*, 769 F.Supp. 171 (E.D.Pa. 1991); *Dippold-Harmon Enterprises, Inc. v. Lowe's Companies, Inc.*, 2001 WL 1414868 (D. Del. 2001)). The purpose of the rule is to promote efficiency in the federal trial courts by avoiding duplicative litigation. *See Optical Recording*, 803 F.Supp. at 972-73 (*citing Berkshire Inter. Corp. v. Marquez*, 69 F.R.D. 583, 586 (E.D. Pa. 1976)).

The decision to transfer or stay the second action is within the discretion of the trial court. *E.E.O.C. v. University of Pennsylvania*, 850 F.2d 969, 972, 977 (3d Cir. 1988), aff'd, 493 U.S. 182 (1990). However, "invocation of the [first-filed] rule will

usually be the norm, not the exception. Courts must be presented with exceptional circumstances before exercising their discretion to depart from the first-filed rule." *See Arrow Communication*, 2005 WL 2786691 at *3 (*citing E.E.O.C.*, 850 F.2d at 972). There must be a sound reason that would make it unjust or inefficient to continue the first-filed action. *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993), *abrograted on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). The burden is on the plaintiff in the second-filed case to present some exceptional circumstances why the court should depart from the first-filed rule. *See Arrow Communication*, 2005 WL 2786691 at *3; *Miteq, Inc. v. Comtech Telecomm. Corp.*, 2003 WL 179991, *2 (D.Del., Jan. 23, 2003).

The considerations affecting the transfer to or dismissal in favor of another forum do not change simply because the first-filed action is a declaratory action. *Genentech*, 998 F.2d at 937. Moreover, the fact that the first-filed declaratory action was brought only one day before the patent infringement action is of no import because the reasons supporting the rule favoring the right of the first litigant to choose the forum are "'just as valid when applied to the situation where one suit precedes the other by a day as they are in a case where a year intervenes between the suits.'" *Id.*, citing *Martin v. Graybar Elec. Co.*, 266 F.2d 202, 205 (7th Cir. 1959) (*quoting Crosley Corp. v. Westinghouse Elec. & Mfg. Co.*, 130 F.2d 474, 475 (3d Cir. 1942)).

This Court is particularly familiar with the first-filed rule in factual settings such as present here and well aware of the appropriateness of applying the rule to mirror-image cases pending in different districts. *See, e.g., Genfoot, Inc. v. Payless Shoesource, Inc.*, 2003 WL 22953183 (D. Del., Dec. 3, 2003) (court transferred a second filed patent

infringement action to the court in which the first filed patent declaratory judgment action was pending), *Miteq*, 2003 WL 179991 (D. Del. Jan. 23, 2003) (court transferred a second filed patent declaratory judgment action to the court in which the first filed patent infringement action was pending), *Reisman v. Van Wagoner Funds, Inc.*, 2002 WL 1459384 (D. Del. Jun. 7, 2002) (court transferred later-filed Delaware action to court in which first-filed cases were pending, and did so even though it noted that the cases did not necessarily involve the same claims).

The Nevada action involves claims for a declaratory judgment of noninfringement and/or invalidity of the '883 and '964 patents. The instant case involves claims for infringement of the '883, '964 and '643 patents. The '643 patent is directed to the same shieldless high speed backplane connector subject matter as the '883 and '964 patents. Moreover, the '643 patent is a continuation application claiming priority to the same parent application as the '883 and '964 patents. Indeed, because of the closeness of these patents, the application from which the '643 patent issued was cited by Defendants in the Nevada declaratory judgment action and would have been included in the claims for declaratory relief but for the fact that the application had not yet issued at the time the action was filed.

The Nevada court was the first to obtain subject matter jurisdiction over this patent dispute, and since there are no exceptional circumstances that justify departure from the first-filed rule, that rule should properly dictate this Court dismissing, staying, or transferring the instant case to the District of Nevada.

### 2. The Presence of Other Parties Here Does Not Alter the Proper Application of the First-Filed Rule

The only appropriate inquiry when assessing the first-filed rule is which of the courts at issue first obtained possession of the subject of the dispute. *Schering Corp. v. Amgen, Inc.*, 969 F.Supp. 258, 267 (D. Del. 1997). The court in *Schering* even expressly addressed the situation, like here, where a party that was named in the second filed case was not named in the first. As the *Schering* court noted, the fact that another party is added in one of the actions has no bearing on which court is first seized of jurisdiction over the infringement dispute. *Id.* ("The first-filed rule turns on which court first obtains possession of the subject of the dispute, not the parties of the dispute.") (*quoting Advanta Corp. v. Visa U.S.A., Inc.*, 1997 WL 88906, at *3 (E.D. Pa. Feb. 19, 1997)). Indeed, even the failure to name a necessary party in a first-filed declaratory judgment patent action is an insufficient basis upon which to argue exception to the first-filed rule. *See Whelan v. United Pacific Industries, Inc.*, No. Civ. A. 02-2519, 2002 WL 31513432, *2 (E.D. Pa. Nov. 1, 2002) (*citing National Foam, Inc. v. Williams Fire & Hazard Control, Inc.*, No. Civ. A. 97-3105, 1997 WL 700496, *5 (E.D.Pa. Oct. 29, 1997)).

The *Schering* court found that a patent infringement action, brought by an exclusive licensee with the right to sue and recover damages, did not lose its status as the first-filed case because it failed to include the patent owner as a party to the infringement case. *Id.* at 266-68. The court explained that it acquired subject matter jurisdiction over the case when the patent licensee initially filed it in that court. *Id.* at 266. Therefore, the later-filed declaratory judgment action filed by the accused infringer in a California federal district court was not the first-filed case even though it named both the patent owner and licensee. *Id.* at 267-68.

6

The situation presented here is not as extreme as that in *Schering*. Here, Molex first filed its declaratory judgment action naming FCI Americas Technology, Inc., the patent owner of record, as the defendant. FCI Americas Technology, Inc. later filed an infringement action in a different federal district court, also naming its parent corporation, FCI USA, Inc. as a plaintiff. It is unclear from the Complaint in this action whether plaintiffs are asserting that FCI USA, Inc. has an ownership interest in the patents in suit. Nevertheless, as in *Schering*, this difference in parties to the actions does not alter the fact that the District of Nevada had already acquired subject matter jurisdiction over the infringement dispute prior to filing of the instant case. Thus, as in *Schering*, this second filed case should be dismissed, stayed or transferred to the District of Nevada.

> **B.    Plaintiffs' Claims Here Can and Should Properly Be Litigated Compulsory Counterclaims in the Nevada Action**
>
> > **1.    This Court Should Also Dismiss or Transfer the Present Case Because Plaintiffs' Claims Are Properly Characterized as Compulsory Counterclaims in the Nevada Action**

Under Federal Rule 13(a), all issues between the parties arising from the same transaction or occurrence are required to be raised in the same lawsuit. Fed. R. Civ. P. 13(a). The policy underlying this compulsory counterclaim rule is judicial economy; its purpose is to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes that ensue from a common factual background. *Transamerica Occidental Life Ins. Co. v. Aviation Office of America, Inc.*, 292 F.3d 384, 389-90 (3d Cir. 2002) (*citing Southern Construction Co. v. Pickard*, 371 U.S. 57, 60 (1962)). Thus, the term "transaction or occurrence" is construed generously to further the objective of promoting judicial economy. *Transamerica*, 292 F.3d at 390.

7

To be considered compulsory, there need not be precise identity of the issues and facts between the claim and the counterclaim -- a "logical relationship" between claims exists where separate trials on each of the claims would involve substantial duplication of effort and time by the parties and the courts. *Transamerica*, 292 F.3d at 389. Such duplication is likely to occur when claims involve the same factual issues, the same factual and legal issues, or are offshoots of the same basic controversy between the parties. *Id.*

The Federal Circuit has repeatedly answered in the affirmative the question of whether a claim for patent infringement is a compulsory counterclaim in an action for a declaration of noninfringement, validity, or unenforceability of the same patent. *Polymer Industrial Products Co. v. Bridgestone/Firestone, Inc.*, 347 F.3d 935, 938 (Fed. Cir. 2003) (stating "uniform national rule" that "Rule 13(a) makes an infringement counterclaim to a declaratory judgment action for noninfringement compulsory"); *Vivid Technologies, Inc. v. Applied Science & Engineering*, Inc., 200 F.3d 795, 802 (Fed. Cir. 1999) (stating "when the same patent is at issue in an action for declaration of noninfringement, a counterclaim for patent infringement is compulsory and if not made is deemed waived").

This district has done so as well. *Akzona, Inc. v. E. I. DuPont de Nemours*, 662 F.Supp. 603, 618 (D. Del. 1987) (counterclaim for infringement "is clearly within the mandate of Rule 13(a)" in seeking declaration that patents are invalid, unenforceable and noninfringed, because "both the declaratory judgment action and the counterclaim arise out of the same patents and both seek to define the scope and determine the validity of those patents").

The later added claim of infringement of the '643 patent clearly derives from the same transaction or occurrence as the claim of infringement of the '883 and '964 patents. As discussed above, the '883, '964 and '643 patents all involve the same subject matter and are related as continuation applications of the same parent application. Accordingly, all of the claims of infringement presented in this action are compulsory counterclaims in the Nevada action.

### 2. The Presence of Other Parties Here Does Not Negate the Compulsory Counterclaim Issue

As with the application of the first-filed rule, the addition of an extra party in this second-filed action does not affect the compulsory counterclaim issue. *See Rohm & Haas Co. v. Brotech Corp.*, 770 F.Supp. 928, 934 (D. Del. 1991) (*citing AMP, Inc. v. Zacharias*, 1987 WL 12676 (N.D. Ill. Jun. 15, 1987) (holding that "Rule 13(a) is not limited in its application to original parties")). The court in *Rohm & Haas* expressly addressed the situation, like here, where a party that was named in the second filed case was not named in the first. As the *Rohm & Haas* court observed, the fact that another party is added that is related to the company that owns the patents in suit does not alter the conclusion that second-filed claims are compulsory counterclaims. *Id.*

Each of the counts of Plaintiffs' Complaint can and must be brought and litigated in the Nevada action. Thus dismissal of Plaintiffs' Complaint in this Court will not deprive Plaintiffs of their day in court. If successful on these counts in Nevada, Plaintiffs would be entitled to no less relief than is potentially available to them in this Court on the present Complaint.

9

V.  **CONCLUSION**

Molex requests that this Court dismiss the instant complaint, stay these proceedings pending resolution of the Nevada action, or transfer this action to the District of Nevada. The Nevada action was first-filed and no compelling reasons exist for the Court to depart from the first-filed rule. Moreover, the Court should dismiss or transfer this action because each of the counts of the Plaintiffs' Amended Complaint relate directly to Molex's claims for declaratory judgment of noninfringement or invalidity pending in the first-filed Nevada action. Thus, these counts should properly be brought as counterclaims in the Nevada action.

/s/ _____
Josy W. Ingersoll (#1088)
Adam W. Poff (#3990)
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600

Counsel for Defendant Molex Incorporated

OF COUNSEL:
John W. Kozak
Dennis R. Schlemmer
Caryn C. Borg-Breen
Leydig, Voit & Mayer Ltd.
Two Prudential Plaza, Suite 4900
Chicago, IL 60601-6780
(312) 616-5600

Dated: March 22, 2007

**CERTIFICATE OF SERVICE**

      I, Adam Poff, Esquire, hereby certify that on March 22, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

      Thomas C. Grimm, Esquire
      MORRIS, NICHOLS, ARSHT & TUNNELL
      1201 N. Market Street
      Wilmington, DE 19899
      *tgrimm@mnat.com*

      I further certify that I caused a copy of the foregoing document to be served by hand delivery and e-mail on the above-listed counsel of record and on the following counsel in the manner indicated below:

      *By E-Mail*

      Albert J. Breneisen, Esquire
      KENYON & KENYON LLP
      One Broadway
      New York, NY 10004
      *abreneisen@kenyon.com*

John W. Bateman, Esquire
Michael M. Shen, Esquire
Yariv Waks, Esquire
KENYON & KENYON LLP
Washington, DC 20005
*jbateman@kenyon.com*
*mshen@kenyon.com*
*ywaks@kenyon.com*

                              YOUNG CONAWAY STARGATT & TAYLOR, LLP

                              /s/ Adam W. Poff
                              Josy W. Ingersoll (No. 1088) *[jingersoll@ycst.com]*
                              Adam W. Poff (No. 3990) *[apoff@ycst.com]*
                              The Brandywine Building
                              1000 West Street, 17th Floor
                              Wilmington, Delaware 19801
                              (302) 571-6600
                              *Attorneys for Defendants*