IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FCI USA, INC. and )
FCI AMERICAS TECHNOLOGY, INC., )
)
Plaintiffs, )
)
v. ) C.A. No. 07-49-JJF
)
MOLEX INCORPORATED, )
)
Defendant. )

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS, STAY, OR TRANSFER**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Thomas C. Grimm (#1098)
Leslie A. Polizoti (#4299)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
tgrimm@mnat.com
lpolizoti@mnat.com

OF COUNSEL:

*Attorneys for Plaintiffs*

Albert J. Breneisen
George E. Badenoch
KENYON & KENYON LLP
One Broadway
New York, NY 10004
(212) 425-7200

John W. Bateman
Michael M. Shen
Yariv Waks
KENYON & KENYON LLP
1500 K Street, NW
Washington, DC 20005
(202) 220-4200

April 5, 2007

# TABLE OF CONTENTS

**Page**

I.    NATURE AND STAGE OF THE PROCEEDINGS ........................................................ 1

II.   SUMMARY OF THE ARGUMENT .......................................................................... 1

III.  STATEMENT OF FACTS .......................................................................................... 3

     A.    The Parties ..................................................................................................... 3

     B.    The Present Dispute ...................................................................................... 4

     C.    The Pending Litigations ................................................................................ 5

IV.   ARGUMENT ............................................................................................................ 5

     A.    Legal Standard .............................................................................................. 5

     B.    The First-to-File Rule Should Not Be Applied Because Litigation in
           Nevada Would Not Be Convenient for Either of the Parties or Any of the
           Witnesses. ...................................................................................................... 6

     C.    The First-to-File Rule Should Not Be Applied Because The Earlier-Filed
           Declaratory Judgment Action In Nevada Is Improper ............................... 9

     D.    The First-to-File Principle Should Not Be Applied Because the Two
           Litigations Are Not the Same. ...................................................................... 10

     E.    The First-to-File Rule Should Not Be Applied Because the Present Case
           Was Filed Only a Day After the Nevada Litigation ............................... 12

V.    CONCLUSION .......................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**                                                                                   **Page**

*APV N.A. Inc. v. Sig Simonazzi N.A. Inc.*, 295 F. Supp. 2d 393 (D. Del. 2002) .................... 10, 11

*Arrow Commun. Labs., Inc. v. John Mezzalingua Assocs.*, No. 05-357-SLR, 2005
    U.S. Dist. 25004 (D. Del. Oct. 26, 2005) ........................................................................... 7

*Bayer Bioscience N.V. v. Monsanto Co.*, No. 03-023-GMS, 2003 U.S. Dist.
    LEXIS 4594 (D. Del. Mar. 25, 2003) ................................................................................. 7

*Capitol Records, Inc. v. Optical Recording Corp.*, 810 F. Supp. 1350 (S.D.N.Y. 1992) ............. 12

*Charles Scwab & Co. v. Duffy*, No. C 98-03612-MMC, 1998 U.S. Dist.
    LEXIS 19606 (N.D. Cal. Dec. 8, 1998) ............................................................................ 10

*Chase Manhattan Bank v. Freedom Card Inc.*, 265 F. Supp. 2d 449
    (D. Del. 2003) ..................................................................................................................... 6

*Columbia Pictures Indus., Inc. v. Schneider*, 435 F. Supp. 742 (S.D.N.Y. 1977) ...................... 12

*EEOC v. University of Pa.*, 850 F.2d 969 (3d Cir. 1988) ............................................................. 6

*EMC Corp. v. Norand Corp.*, 89 F.3d 807 (Fed. Cir. 1996) .................................................. 9, 11

*Envirometrics Software v. Georgia-Pacific Corp.*, No. 97-243-SLR, 1997
    U.S. Dist. LEXIS 17659 (D. Del. Nov. 4, 1997) ......................................................... 9, 10

*Enzo Biochem, Inc. v. Calgene, Inc.*, No. 93-110-JJF, 1993 WL 266518
    (D. Del. May 18, 1993) ...................................................................................................... 9

*Genentech, Inc. v. Eli Lilly and Co.*, 998 F.2d 931 (Fed. Cir. 1993) ........................................... 6

*Genfoot, Inc. v. Payless Shoesource, Inc.*, No. 03-398-SLR, 2003 WL 22953183
    (D. Del. Dec. 3, 2003) ........................................................................................................ 8

*Hop-In Food Stores, Inc. v. S & D Coffee, Inc.*, 642 F. Supp. 1106
    (W.D. Va. 1986) ................................................................................................................. 12

*Mentor Graphics v. Quickturn Design Sys.*, 77 F. Supp. 2d 505
    (D. Del. 1999) ..................................................................................................................... 7

*Miteq, Inc. v. Comtech Telecomm. Corp.*, No. 02-1336-SLR, 2003 WL 179991
    *1-2 (D. Del. Jan. 23, 2003) ................................................................................................ 8

*Optical Recording Corp. v. Capitol-EMI Music, Inc.*, 803. F. Supp. 971
(D. Del. 1992) ............................................................................................................ 8, 12

*Reisman v. Van Wagoner Funds, Inc.*, No. 02-012-SLR, 2002 WL1459384
(D. Del. Jun. 7, 2002) .................................................................................................... 9

*Serco Servs. Co., L.P. v Kelley Co., Inc.*, 51 F.3d 1037 (Fed. Cir. 1995) ...................................... 6

*Thales Airborne Sys. S.A. v. Univ. Avionics Sys. Corp.*, No. 05-583-SLR, 2006
U.S. Dist. LEXIS 41895 (D. Del. Jun. 21, 2006) ......................................................... 6, 11

**Statutes**

Fed. R. Civ. P. 26(f). ............................................................................................................ 1

Plaintiffs FCI USA, Inc. ("FCI USA") and FCI Americas Technology, Inc. ("FCI TECH") (collectively "FCI") respectfully submit this memorandum in opposition to Defendant Molex Incorporated's ("Molex") *Motion to Dismiss, Stay, or Transfer* ("Motion").

## I.    NATURE AND STAGE OF THE PROCEEDINGS

On January 26, 2007, FCI initiated the present action against Molex for infringement of United States Patent Nos. 6,981,883 ("'883 patent") and 7,114,964 ("'964 patent"). FCI amended the complaint on February 27, 2007 to add U.S. Patent No. 7,182,643 B2 ("'643 patent"). On March 22, 2007, Molex filed the present motion seeking to dismiss, stay or transfer this case. This Court has set a Rule 16 scheduling conference for April 20, 2007 and the parties have already begun discussions pursuant to Fed. R. Civ. P. 26(f).

## II.    SUMMARY OF THE ARGUMENT

Molex's motion rests entirely on its perfunctory assertion of the first-to-file rule, because it filed a declaratory judgment action in Nevada on two of the same patents one day earlier than the filing of this action. The first-to-file rule is not an absolute rule, however, and Molex makes no effort to deal with the obvious reasons why the rule does not apply in this case.

First, Molex's attempt to invoke declaratory judgment jurisdiction in Nevada is not proper, because the parties were in the midst of settlement negotiations which Molex led FCI to believe were continuing when it suddenly filed its Nevada lawsuit. Molex should not be rewarded for undermining and discouraging good faith settlement negotiations out of court with

its unseemly race to the courthouse.  For this reason, FCI has moved to dismiss the Nevada action.[1]

Second, other than the technicality that FCI's patent holding company, FCI TECH, is incorporated in Nevada, there is no tie between either party and Nevada whatsoever.  None of the witnesses, documents or operating offices of the parties are in Nevada, and Nevada is a completely inconvenient forum for both parties and all of the witnesses.  In contrast, it cannot be disputed that this Court is more convenient for FCI and its witnesses, who reside near Harrisburg, Pennsylvania, and no less convenient for Molex and its witnesses located near Chicago.

Third, the parties and patents in this case are not all included in the Nevada case.  This case includes the real party in interest, FCI USA, and the recently issued '643 patent.  Neither are included in Nevada.  In contrast, there are no parties or patents in the Nevada case that are not included in this case.

Finally, there is no inefficiency or prejudice arising from previous litigation activities or court familiarity with the issues in the earlier filed case, because the Nevada case was filed only one day earlier than this case.

For each of the foregoing reasons, the first-to-file rule should not be applied in this case, and Molex's motion should be denied.

---

[1]    Copies of FCI's papers in support of its motion to dismiss in Nevada are attached as Exhibit A.  Molex's responsive papers are due April 6, 2007.

2

### III.    STATEMENT OF FACTS

#### A.    The Parties

FCI USA, a New York corporation based in Etters, Pennsylvania (near Harrisburg), is a leading innovator and manufacturer of electrical connectors.  (Page Decl. at ¶ 3.)[2]  Etters, Pennsylvania is where the domestic research and development of FCI's products covered by the patents at issue took place, and where all of FCI's domestic business is transacted.  (*Id.* at ¶ 6.) FCI TECH, the other plaintiff in this action, is a wholly owned subsidiary of FCI USA and holding company of FCI USA's United States patents.  (*Id*. at ¶ 2.)  FCI TECH is incorporated in Nevada and has a duly designated agent for service of process there, but has no other ties to Nevada. (*Id.*)

FCI USA has developed proprietary technology relating to high speed, shieldless electrical connectors, and has been awarded numerous patents on this technology.  These patents include the three patents at issue in this case, which are assigned to FCI TECH.  FCI USA is the exclusive U.S. licensee of the patents-in-suit.  In addition, FCI USA performed the work that resulted in these patents, applied for and prosecuted the patents, practices the patented technology, and sells its AirMax® connectors under the patents.  Thus, FCI USA, not FCI TECH, is the real party in interest.

Defendant Molex is a competing manufacturer of electrical connectors and recently began marketing a shieldless, high speed backplane connector in direct competition with FCI's AirMax® connector.  (Page Decl. at ¶ 8.)  Molex is incorporated in the state of Delaware and has

---

[2]    "Page Decl. at __" shall refer to the *Declaration of M. Richard Page In Support of FCI's Opposition to Molex's Motion to Dismiss, Stay or Transfer*, filed herewith as Exhibit B.

its headquarters in Lisle, Illinois, near Chicago. Insofar as FCI is aware, there is no relationship between Molex and the State of Nevada. (*Id.*)

## B.    The Present Dispute

FCI and Molex have been discussing a potential license related to the patents-in-suit and Molex's I-Trac connectors since at least December 2006 (and still are). (Page Decl. at ¶ 9.) During this time, FCI never threatened to bring a lawsuit; rather, it stressed its desire to reach a business-level resolution. (*Id.*) Molex represented that it was also interested in a business resolution. (*Id.*)

On December 14, 2006, Molex's in-house counsel responsible for its I-Trac line of connectors visited FCI in Etters, Pennsylvania to discuss the issue of the I-Trac connectors in relation to FCI's patents. (Page Decl. at ¶ 9.) At this meeting, both parties stated that they did not want this issue to result in litigation and instead wanted it to be resolved by business level negotiations. (*Id.*)

Pursuant to that meeting, FCI offered Molex licensing terms for the I-Trac line of connectors. (Page Decl. at ¶ 10.) Molex responded the next day and represented that it remained willing to discuss a license on reasonable terms, but did not specifically accept or reject FCI's terms. (*Id.*) During the remainder of December and January, the parties communicated through the exchange of e-mails and a phone call regarding the proposed license terms. (*Id.*) While Molex requested clarification of FCI's terms related to the I-Trac connectors, it never specifically addressed the proposed terms or offered a counterproposal. (*Id.*) Finally, in late January, FCI indicated to Molex that the licensing negotiations should not have been taking as long as they were, and again requested a prompt response. (*Id.*) The Nevada Litigation, filed the very next day, was Molex's only response.

### C.    The Pending Litigations

Despite representing to FCI that it was interested in discussing a license agreement, Molex preemptively filed a declaratory judgment action on January 25, 2007 with respect to the '883 patent and the '964 patent to gain a tactical advantage in the negotiations. *Molex Inc. v. FCI Americas Technology, Inc.*, No. 3:07-CV-00039-BES-VPC (D. Nev. filed Jan. 25, 2007). Molex's complaint only named FCI TECH as the defendant and not FCI USA, the real party in interest. The Nevada litigation has been assigned to the Honorable Brian Sandoval. Molex did not serve the Nevada complaint until January 29, 2007 after the present lawsuit was filed on January 26, 2007.

On February 27, 2007, FCI amended the complaint in this case to add the '643 patent, which issued that day. The '643 patent is not at issue in the Nevada litigation.

On March 22, 2007 (the same day Molex filed the present motion), FCI TECH filed a motion to dismiss Molex's complaint, or in the alternative, to stay the Nevada litigation pending resolution of this case.

## IV.    ARGUMENT

Molex's motion to dismiss, transfer or stay the present case is based *solely* on the fact that it was the first to file a complaint in Nevada. Molex contends that the Court should defer to the Nevada litigation simply because it was filed one day earlier than the present action. (Motion at 3-5.) Molex further claims that there is no reason to depart from the first-to-file rule. (*Id.* at 5) Molex is wrong. The Court should not follow the first-to-file rule in this case, because several of the recognized exceptions to the rule are applicable here.

### A.    Legal Standard

While the first-filed case is generally favored when determining which of two parallel litigations should proceed, there are several well-established exceptions to this rule. Indeed,

"*exceptions are not rare*, and district courts are given discretion in retaining jurisdiction 'when justice or expediency requires.'" *Thales Airborne Sys. S.A. v. Univ. Avionics Sys. Corp.*, No. 05-583-SLR, 2006 U.S. Dist. LEXIS 41895, at *10 (D. Del. Jun. 21, 2006) (emphasis added) (*quoting Genentech, Inc. v. Eli Lilly and Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993)). The first-to-file rule "is not a rigid or inflexible rule to be mechanically applied." *Chase Manhattan Bank v. Freedom Card Inc.*, 265 F. Supp. 2d 449, 450 (D. Del. 2003); *see also EEOC v. University of Pa.*, 850 F.2d 969, 972 (3d Cir. 1988), *aff'd*, 493 U.S. 182 (1990) (recognizing that the first-filed rule "is not a mandate directing wooden application."). The first-to-file inquiry is an equitable one. *Serco Servs. Co., L.P. v Kelley Co., Inc.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995) (holding that the principle should not be applied when "considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise."); *EEOC*, 850 F.2d at 977 (holding that "[t]he letter and spirit of the first-filed rule . . . are grounded on equitable principles").

    **B.**    **The First-to-File Rule Should Not Be Applied Because Litigation in Nevada Would Not Be Convenient for Either of the Parties or Any of the Witnesses.**

The Federal Circuit has held that the first-to-file principle does not apply when "considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise." *Serco Servs.*, 51 F.3d at 1039; *Genentech*, 998 F.2d at 937 (holding that exceptions are "made when justice or expediency requires"). Exceptions are not rare and include considerations such as "the convenience and availability of witnesses, or absence of jurisdiction over all necessary or desirable parties, or the possibility of consolidation with related litigation, or considerations relating to the real party in interest." *Genentech*, 998 F.2d at 938.

This Court has rejected the first-to-file principle in cases where the second-filed action is demonstrably more convenient for the parties and witnesses. *See, e.g.*, *Arrow Commun. Labs.,*

*Inc. v. John Mezzalingua Assocs.*, No. 05-357-SLR, 2005 U.S. Dist. LEXIS 25004, *9-10 (D. Del. Oct. 26, 2005) (declining to apply the first-filed rule because, *inter alia*, "all of the documents and records related to the accused product" were in the second-filed forum and a suit in the first-filed forum would "generate significant expenses and other burdens to the parties); *Bayer Bioscience N.V. v. Monsanto Co.*, No. 03-023-GMS, 2003 U.S. Dist. LEXIS 4594, *6 (D. Del. Mar. 25, 2003) (declining to apply the first-filed rule where, among other things, "travel time and convenience in the aggregate would be substantially increased" if the case was kept in Delaware); *Mentor Graphics v. Quickturn Design Sys.*, 77 F. Supp. 2d 505, 509-512 (D. Del. 1999) (declining to apply the first-filed rule in a Delaware declaratory judgment action over an infringement suit filed one day later in the Northern District of California where doing so would "be extremely disruptive" to three nonparty witnesses and their employers, the witnesses would be within the subpoena power of the California court, where both parties were located on the west coast, and where all emulating engineering activities took place on the west coast).

It cannot be disputed that this forum would be more convenient for the parties and the known witnesses in this case than Nevada. Molex's principal place of business is near Chicago, Illinois, approximately 2000 miles from Reno. FCI USA, the real party in interest, is headquartered in Etters, Pennsylvania (a suburb of Harrisburg), over 2500 miles from Reno. Both parties are substantially closer to this Court—Wilmington, Delaware is about 750 miles from Chicago and about 100 miles from Etters.

There are no witnesses from either party residing in or near Nevada. In contrast, employees of FCI USA and other potential non-party witnesses living in the Harrisburg, Pennsylvania area may be within the subpoena power of this Court, but certainly are not within the subpoena power of the Nevada court. Thus, it would be more convenient for witnesses of

both parties if this case proceeded in this Court. Finally, virtually all of the acts that led to the research, development, marketing, and sale of the product covered by the patents-in-suit and the procurement of the patents-in-suit occurred at FCI USA's headquarters in Etters, Pennsylvania.

Molex would not be prejudiced by allowing this litigation to proceed in this Court. Molex is not a resident of Nevada, and thus, the Nevada court has no special interest in protecting Molex as does this Court since Molex is incorporated in Delaware. This case is in its most infant stages and the Nevada court has not spent substantial time considering the issues and does not have special familiarity with the patents or technology. *Cf. Optical Recording Corp. v. Capitol-EMI Music, Inc.*, 803. F. Supp. 971, 974 (D. Del. 1992) ("The Court's familiarity with the subject matter of the litigation will reduce the expenditure of judicial resources in handling this matter."). With regard to the relative experience of the two courts in handling patent infringement litigations, this Court is one of the more active and experienced district courts. Finally, Molex has litigated in this Court before, namely, it was involved in a patent litigation in 1994 and 1995 with Berg Electronics, Inc., a predecessor in interest to FCI. That litigation was extensive and featured an eleven day trial. Furthermore, Molex's current counsel was also counsel during that litigation. *See* Exhibit C (docket sheet from 1:94-cv-00470-RRM).

The cases cited by Molex at pages 4-5 of its Motion merely show that this Court will defer to the first-filed rule absent any unusual circumstances. These cases do not support Molex's motion because the first-to-file analysis is both case-by-case and discretionary. Notably, Molex does not allege that the current facts are similar to any of these cases. In *Genfoot, Inc. v. Payless Shoesource, Inc.*, No. 03-398-SLR, 2003 WL 22953183 (D. Del. Dec. 3, 2003), the defendant did not allege an exception to the first-filed rule, and thus, the Court applied the first-to-file rule by default. In *Miteq, Inc. v. Comtech Telecomm. Corp.*, No. 02-1336-SLR,

2003 WL 179991, *1-2 (D. Del. Jan. 23, 2003), the Court applied the first-filed rule in favor of the first-filed Arizona case because Arizona was where the defendant resided and where all of defendant's witnesses and documents were located. The New York plaintiff, having witnesses and evidence in New York, only alleged that it would be more convenient for it to litigate in this Court, and thus, the Court reasoned it would merely be transferring the inconvenience from plaintiff to defendant if it were to reject the first-filed rule. *Id.* Here, Molex has no ties to Nevada and litigating in this Court would not be any more inconvenient for Molex than in Nevada. *Reisman v. Van Wagoner Funds, Inc.*, No. 02-012-SLR, 2002 WL1459384 (D. Del. Jun. 7, 2002) (which is not a patent case) is inapposite because in that case the first-filed case was in the other district along with seven other substantially similar actions and there was no discussion of any of the exceptions to the first-to-file rule for patent cases, which apply here.

### C. The First-to-File Rule Should Not Be Applied Because The Earlier-Filed Declaratory Judgment Action In Nevada Is Improper.

As set forth in FCI TECH's motion to dismiss filed in the Nevada litigation, deferring to the first-to-file rule under the present facts would be inconsistent with the Declaratory Judgment Act pursuant to *EMC Corp. v. Norand Corp.*, 89 F.3d 807, 815 (Fed. Cir. 1996). (*See* Exhibit A.) This Court has recognized that "an inappropriate use of the declaratory judgment remedy" is an exception to the first-to-file rule. *See Envirometrics Software v. Georgia-Pacific Corp.*, No. 97-243-SLR, 1997 U.S. Dist. LEXIS 17659, *11 (D. Del. Nov. 4, 1997); *see also Enzo Biochem, Inc. v. Calgene, Inc.*, No. 93-110-JJF, 1993 WL 266518, *5 (D. Del. May 18, 1993) (noting that the first-filed rule does not apply "when the first-filed action was brought in bad faith, or in anticipation of the opposing party's imminent suit in another, less favorable, forum").

Molex's declaratory judgment action was improper. Molex initiated the Nevada litigation while FCI and Molex were discussing a potential license agreement. FCI had

repeatedly expressed that it wanted a quick resolution to the issue outside of the courts. Molex indicated that it wanted the same, but nevertheless, its only substantive response during the discussions was to initiate the Nevada action. This filing was purely a tactical maneuver to gain bargaining power in these licensing negotiations because the complaint was not served on FCI TECH until after the present litigation was filed. Given these facts, it is the Nevada litigation that should be dismissed. The first-to-file rule does not apply.

Molex only "won" the race to the courthouse by stalling during licensing negotiations. In these cases, the fact that the delaying party was first to file is of less relevance and the second-filed case should proceed. *See Charles Scwab & Co. v. Duffy*, No. C 98-03612-MMC 1998 U.S. Dist. LEXIS 19606, *4-5 (N.D. Cal. Dec. 8, 1998) ("Moreover, permitting this case to continue would reward a race to the courthouse that appears to have been 'won' by Schwab, at least in part, due to a letter sent to Duffy's attorney that may have misled Duffy as to Schwab's settlement intentions."). As in *Schwab*, Molex filed first because it misled FCI as to its settlement intentions. This Court should therefore refuse to apply the first-to-file rule.

Moreover, this Court has recognized that the "'race to the courthouse' is particularly inappropriate under circumstances where 'the party entitled to bring a coercive action [has not] failed or delayed in bringing it.'" *Envirometrics*, 1997 U.S. Dist. LEXIS 17659 at *9-10. FCI can hardly be accused of delay in bringing the present infringement action, because it believed that discussions were still active and was misled as to Molex's real intentions.

### D.    The First-to-File Principle Should Not Be Applied Because the Two Litigations Are Not the Same.

Another exception to the first-filed principle is when the two co-pending litigations do not involve the same patents. This Court has recognized that second-filed actions that implicate additional patents or technologies present an exception to the first-filed rule. *See APV N.A. Inc.*

*v. Sig Simonazzi N.A. Inc.*, 295 F. Supp. 2d 393, 397-398 (D. Del. 2002) (finding that the first-to-file rule did not apply where the first-filed Texas action did not include two additional patents at issue in the Delaware action.); *see also Thales*, 2006 U.S. Dist. LEXIS 41895 at *11-12 (in considering "whether the first-filed rule applies when the second action involves additional patents," the Court cited *APV N.A. Inc.* and noted that while the Federal Circuit does adhere to the first-filed rule, "its application seems limited to actions 'involving the same patents.'"). An additional patent – the '643 patent – is at issue in the present case and is not at issue in the Nevada litigation. Thus, the presence of this additional patent further supports rejecting the first-to-file rule.

Molex contends that the presence of FCI USA in this case does not affect the application of the first-filed rule (Motion at 6) and that the presence of the additional '643 patent does not affect it either, because infringement of the '643 patent would be a compulsory counterclaim in Nevada. (Motion at 7-9). These contentions miss the mark. As it presently stands, this case involves all of the relevant and necessary parties and all of the patents in dispute. This is not true for the Nevada litigation. Moreover, unlike the Nevada litigation, there is no question that this Court has subject matter jurisdiction.[3] The relevant inquiry before this Court is to decide which jurisdiction is in the best position to promote judicial efficiency. This Court has explained that while it is often "reasonable and practical" to defer to the first-filed principle "when two federal courts are advised that both are handling the same case[,] . . . it is equally reasonable and practical for a district court not to defer to the first-filed jurisdiction if the court can demonstrate

---

[3]    As indicated above, FCI TECH has requested that the Nevada court exercise discretion in not hearing Molex's declaratory judgment action under the principles set forth by the Federal Circuit in the *EMC* case. *See* Exhibit A.

that the second-filed court can insure that it is *in a better position to preserve judicial resources and avoid duplication*." *Optical Recording*, 803 F. Supp. at 973 (emphasis added). The present case would proceed more efficiently than the Nevada litigation. Accordingly, this Court is "in a better position to preserve judicial resources and avoid duplication" in comparison to the Nevada court.

### E. The First-to-File Rule Should Not Be Applied Because the Present Case Was Filed Only a Day After the Nevada Litigation.

Application of the first-to-file rule is not required here to prevent inefficiency or prejudice, because FCI filed suit against Molex the very next day. The first-to-file rule is less important when a short period of time passes between the first and second actions because no judicial resources are wasted in allowing the second-filed case to proceed. *See Capitol Records, Inc. v. Optical Recording Corp.*, 810 F. Supp. 1350, 1355 (S.D.N.Y. 1992) ("Finally, the date of filing is less important when the competing actions are filed within a short period of time. Only twenty days elapsed between the filing of the two complaints and no discovery or other pretrial proceedings had occurred in either forum at the time.") (internal citations omitted); *Columbia Pictures Indus., Inc. v. Schneider*, 435 F. Supp. 742, 748 (S.D.N.Y. 1977) ("Moreover, only six days elapsed between the filing of the two complaints; no discovery or other pretrial proceedings occurred in either district. Thus, no judicial inefficiency or duplication of efforts will result from requiring the parties to litigate [in the second-filed forum.]"). Here, only one day passed between the filing of this action and Molex's filing in Nevada. In fact, the present litigation was filed before Molex served its complaint in the Nevada litigation, which is another reason to depart from the first-to-file rule. *See Hop-In Food Stores, Inc. v. S & D Coffee, Inc.*, 642 F. Supp. 1106, 1107 (W.D. Va. 1986) (departing from the first-to-file rule in part because service was only accomplished after the parallel action was filed).

This Court should not dismiss, stay or transfer the present case under the first-filed rule for any one of the exceptions identified above.

## V.    CONCLUSION

For the reasons set forth above, the Court should deny Molex's Motion to Dismiss, Stay, or Transfer the present action.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Thomas C. Grimm*

_____
Thomas C. Grimm (#1098)
Leslie A. Polizoti (#4299)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
tgrimm@mnat.com
lpolizoti@mnat.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Albert J. Breneisen
George E. Badenoch
KENYON & KENYON LLP
One Broadway
New York, NY 10004
(212) 425-7200

John W. Bateman
Michael M. Shen
Yariv Waks
KENYON & KENYON LLP
1500 K Street, NW
Washington, DC 20005
(202) 220-4200

April 5, 2007
787620

13

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 5, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

> Adam W. Poff
> YOUNG, CONAWAY, STARGATT
>  & TAYLOR LLP

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on April 5, 2007 upon the following individuals in the manner indicated:

### <u>BY HAND & E-MAIL</u>

> Josy W. Ingersoll
> Adam W. Poff
> YOUNG, CONAWAY, STARGATT
>  & TAYLOR LLP
> The Brandywine Building,
> 1000 West Street, 17th Floor
> Wilmington, DE 19899-0391

### <u>BY E-MAIL</u>

> John W. Kozak
> Dennis R. Schlemmer
> LEYDIG, VOIT & MAYER, LTD.
> Two Prudential Plaza, Suite 4900
> 180 N. Stetson Avenue
> Chicago, IL  60601-6780

*/s/ Thomas C. Grimm*

_____

Thomas C. Grimm (#1098)
tgrimm@mnat.com

787620

# EXHIBIT A

DAN C. BOWEN, ESQ. (SBN 1555)
LIONEL SAWYER & COLLINS
50 West Liberty Street, Suite 1100
Reno, NV 89501
Telephone:  775 788-8666
Facsimile:  775 788-8682

Attorneys for Defendant
FCI Americas Technology, Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| MOLEX INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:07-cv-00039-BES-(VPC) |
| | ) | |
| FCI AMERICAS TECHNOLOGY, INC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## FCI AMERICAS TECHNOLOGY, INC.'S MOTION TO DISMISS MOLEX INC.'S COMPLAINT, OR IN THE ALTERNATIVE, TO STAY THE CASE PENDING RESOLUTION OF THE PARALLEL LITIGATION IN THE DISTRICT OF DELAWARE

FCI Americas Technology, Inc. ("FCI TECH") hereby moves, pursuant to Fed. R. Civ. P.

12(b), to dismiss Plaintiff Molex Inc.'s Complaint in this action, or in the alternative, to stay this

action pending resolution of a parallel matter currently pending in the United States District

Court for the District of Delaware, Civil Action No. 07-49-JJF.  The reasons for granting FCI's

motion are set forth fully in the accompanying memorandum of points and authorities submitted herewith.

Dated this 22nd day of March, 2007.

LIONEL SAWYER & COLLINS


BY:    __/s/ Dan C. Bowen_____
Dan C. Bowen, State Bar No. 1555
Lionel Sawyer & Collins
50 W. Liberty Street , Suite 1100
Reno, NV 89501
Telephone: 775-788-8666
Facsimile:  775-788-8682
dbowen@lionelsawyer.com

Attorneys for Defendant
FCI Americas Technology, Inc.

**MEMORANDUM IN SUPPORT OF FCI AMERICAS TECHNOLOGY, INC.'S
MOTION TO DISMISS MOLEX INC.'S COMPLAINT, OR IN THE
ALTERNATIVE, TO STAY THE CASE PENDING RESOLUTION OF THE
PARALLEL LITIGATION IN THE DISTRICT OF DELAWARE**

FCI Americas Technology, Inc. ("FCI TECH") respectfully submits this memorandum with points and authorities in support of its *Motion to Dismiss Molex Inc.'s Complaint, or in the Alternative, to Stay the Case Pending Resolution of the Parallel Litigation in the District of Delaware* ("Motion").

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.   FACTUAL BACKGROUND .............................................................................. 2

    A.    The Parties ................................................................................................ 2

    B.    The Present Dispute .................................................................................. 3

    C.    The Delaware Action ................................................................................ 4

III.  LEGAL STANDARD AND ARGUMENT ......................................................... 4

    A.    The Court Should Dismiss This Declaratory Judgment Action............... 4

        1.    This Is Not the Type of Action that the Declaratory Judgment Act Was Intended to Address ............................................................ 4

        2.    The Interests of Justice and the Convenience of the Witnesses and Parties Support Dismissal of This Case in Favor of the Delaware Litigation.................................................................................... 7

    B.    In the Alternative, the Court Should Stay this Case Pending the Outcome of the Delaware Litigation ............................................................. 8

    C.    The First-to-File Rule Does Not Apply. ................................................... 9

IV.   CONCLUSION.................................................................................................. 12

# TABLE OF AUTHORITIES

**Cases**                                                                     **Page**

*Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731 (Fed. Cir. 1988) ...................... 5

*Bausch & Lomb Inc. v. Alcide Corp.*, 684 F. Supp. 1155 (W.D.N.Y. 1987).................................. 7

*BP Chems. Ltd. v. Union Carbide Corp.*, 4 F.3d 975 (Fed. Cir. 1993) .......................................... 5

*Capitol Records, Inc. v. Optical Recording Corp.*, 810 F. Supp. 1350 (S.D.N.Y. 1992)............. 10

*Charles Scwab & Co. v. Duffy*, 1998 WL 879659, 49 U.S.P.Q.2d 1862 (N.D. Cal. 1998).......... 10

*Columbia Pictures Indus., Inc. v. Schneider*, 435 F. Supp. 742 (S.D.N.Y. 1977)....................... 10

*Davox Corp. v. Digital Sys. Int'l, Inc.*, 846 F. Supp. 144 (D. Mass. 1993) .................................... 7

*EMC Corp. v. Norand Corp.*, 89 F.3d 807 (Fed. Cir. 1996)............................................... 4, 5, 6, 7

*Hop-In Food Stores, Inc. v. S & D Coffee, Inc.*, 642 F. Supp. 1106 (W.D. Va. 1986)................. 11

*Landis v. N. Am. Co.*, 299 U.S. 248 (1936) .................................................................................... 8

*Levya v. Certified Growers of California, Ltd.*, 593 F.2d 857 (9th Cir.)......................................... 8

*Mediterranean Enters, Inc. v. Ssangyong Corp.*, 708 F.2d 1458 (9th Cir. 1983).......................... 9

*Serco Servs. Co., L.P. v. Kelley Co., Inc.*, 51 F.3d 1037 (Fed. Cir. 1995)............................... 9, 10

*Stern v. United States*, 563 F. Supp. 484 (D. Nev. 1983) ............................................................... 9

*Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) ....................................................................... 4, 5

## I.    INTRODUCTION

FCI TECH moves pursuant to Fed. R. Civ. P. 12(b) to dismiss this action in favor of the parallel litigation pending in the District of Delaware on two grounds:

First, this Court should decline to exercise declaratory judgment jurisdiction, because this case was filed as a preemptive tactical move in the midst of licensing negotiations where plaintiff Molex, Inc. ("Molex") had led FCI TECH's parent and the real party-in-interest, FCI USA, Inc. ("FCI USA") into believing that both parties were interested in resolving the issues raised in Molex's complaint without litigation. Exercising discretionary declaratory judgment jurisdiction in this situation would reward Molex's gamesmanship and discourage future parties from trying to resolve disputes of this nature in negotiations without litigation. *See* Declaration of M. Richard Page at ¶¶ 9-10 (attached hereto as Exhibit A).

Second, the interests of justice and convenience favor allowing this litigation to proceed in the United States District Court for the District of Delaware ("the District of Delaware"), where the next day after this litigation was commenced FCI USA filed a patent infringement action against Molex on the same two patents at issue in this case, and later added a third patent as well. This case has no ties whatsoever to Nevada, other than the technicality that FCI USA's patent holding company, FCI TECH, is incorporated here. FCI USA is the real party-in-interest, and it is located in suburban Harrisburg, Pennsylvania. Molex is located in suburban Chicago. There are no witnesses, no documents and no other evidence or ties of any kind to the State of Nevada. Moreover, third party witnesses are likely within the subpoena power of the District of Delaware, and Delaware is much closer to both parties than Nevada. *See* Exhibit A at ¶¶ 3-7, 13.

Alternatively, FCI TECH requests that the Court stay the proceedings in this case pending resolution of the parallel litigation pending in the District of Delaware, which involves

all interested parties and concerns the same patents and accused activity, plus an additional

patent.

## II.    FACTUAL BACKGROUND

### A.    The Parties

FCI USA, a New York corporation based in Etters, Pennsylvania, is a leading innovator

and manufacturer of electrical connectors. *See* Exhibit A at ¶ 3. Etters, Pennsylvania is where

the domestic research and development of FCI's products covered by the patents at issue took

place, and where all of FCI's domestic business is transacted. FCI TECH, the named defendant

in this action, is a holding company of, *inter alia*, FCI USA's United States patents. *See id.* at ¶

2. FCI TECH is incorporated in Nevada and has a duly designated agent for service of process.

*See id.*

FCI USA has developed proprietary technology relating to high speed, shieldless

electrical connectors, and has been awarded numerous patents on this technology. These patents

include United States Patent Nos. 6,981,883 ("'883 patent") and 7,114,964 ("'964 patent")

(collectively the "patents-in-suit"), the two patents at issue in this case, which are assigned to

FCI TECH. FCI USA is the exclusive U.S. licensee of the patents-in-suit. In addition, FCI USA

performed the work that resulted in these patents, applied for and prosecuted the patents, and

practices the patented technology. FCI USA, not FCI TECH, is the real party in interest.

Plaintiff Molex is a competing manufacturer of electrical connectors and recently began

marketing a shieldless, high speed backplane connector in direct competition with FCI's

AirMax® connector. *See* Exhibit A at ¶ 8. Molex is incorporated in the state of Delaware and

has its headquarters in Lisle, Illinois, near Chicago. FCI is not aware of any relationship between Molex and the State of Nevada and none was alleged in the Complaint.

### B.    The Present Dispute

Molex preemptively filed the present action in an attempt to gain additional bargaining power over the real party in interest, FCI USA. FCI USA and Molex have been discussing a potential license related to the patents-in-suit and Molex's I-Trac connectors since at least December 2006 (and still are). During this time, FCI USA never threatened to bring a lawsuit; rather, it stressed its desire to reach a business-level resolution. Molex represented that it was also interested in a business resolution, but it never truly entered into back-and-forth negotiations with FCI USA.

On December 14, 2006, Molex's in-house counsel responsible for its I-Trac line of connectors visited FCI USA in Etters, Pennsylvania to discuss the issue of the I-Trac connectors in relation to FCI's patents. *See* Exhibit A at ¶ 9. At this meeting, both parties stated that they did not want this issue to result in litigation and instead wanted it to be resolved by business-level negotiations. *See id.*

Pursuant to that meeting, FCI USA offered Molex licensing terms for the I-Trac line of connectors. *See* Exhibit A at ¶ 10. Molex responded the next day and represented that it remained willing to discuss a license on reasonable terms, but did not specifically accept or reject FCI USA's terms. *See id.* During the remainder of December and January, the parties communicated through the exchange of e-mails and a phone call regarding the proposed license terms. While Molex requested clarification of FCI USA's terms related to the I-Trac connectors, it never specifically addressed the proposed terms or offered a counterproposal. Finally, in late January, FCI indicated to Molex that the licensing negotiations should not have been taking as

long as they were, and again requested a prompt response. *See id.* This lawsuit, filed the very next day, was Molex's response.

### C.    The Delaware Action

Molex filed the present action even though it represented to FCI that it was interested in discussing a license agreement. In response, FCI USA and FCI TECH filed its Complaint against Molex the next day in the District of Delaware (hereinafter "Delaware Litigation"). The Delaware Litigation (1) involves the appropriate parties in interest, and (2) puts the parties in their natural roles, with FCI USA and FCI TECH as the natural plaintiffs (the patentees) and Molex as the natural defendant (the accused infringer).

On February 27, 2007, FCI USA and FCI TECH amended the complaint in the Delaware Litigation to add recently issued U.S. Patent No. 7,182,643 B2 ("'643 patent"). The District of Delaware has already set a Rule 16 scheduling conference for April 20, 2007. By agreement of the parties, Molex's answer in the Delaware Litigation is due on the same day as FCI TECH's is in the present case.

## III.    LEGAL STANDARD AND ARGUMENT

### A.    The Court Should Dismiss This Declaratory Judgment Action.

#### 1.    This Is Not the Type of Action that the Declaratory Judgment Act Was Intended to Address.

The Court need not exercise declaratory judgment jurisdiction simply because there exists an actual case or controversy. *EMC Corp. v. Norand Corp.*, 89 F.3d 807, 813 (Fed. Cir. 1996). "[A]s long as the district court acts in accordance with the purposes of the Declaratory Judgment Act and the principles of sound judicial administration, the court has broad discretion to refuse to entertain a declaratory judgment action." *Id.* at 813-14; *see also Wilton v. Seven*

*Falls Co.*, 515 U.S. 277, 286 (1995) (holding that "[s]ince its inception, the Declaratory

Judgment Act has been understood to confer on federal courts unique and substantial discretion

in deciding whether to declare the rights of litigants.")  The courts have "special flexibility" in

determining whether to exercise jurisdiction over a declaratory judgment action.  *EMC*, 89 F.3d

at 814 (citing *Wilton*, 515 U.S. at 288).

This case is not the type of action that the Declaratory Judgment Act was intended to

address.  Those types of situations, as defined by the Federal Circuit, are when –

> [A] patent owner engages in a *danse macabre*, brandishing a
> Damoclean threat with a sheathed sword....  Guerilla-like, the
> patent owner attempts extra-judicial patent enforcement with
> scare-the-customer-and-run tactics that infect the competitive
> environment of the business community  with uncertainty and
> insecurity....  Before the Act, competitors victimized by that tactic
> were rendered helpless and immobile so long as the patent owner
> refused to grasp the nettle and sue.  After the Act, those
> competitors were no longer restricted to an *in terrorem* choice
> between the incurrence of a growing potential liability for patent
> infringement and abandonment of their enterprises;  they could
> clear the air by suing for a judgment that would settle the conflict
> of interests.

*See Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 734-35 (Fed. Cir. 1988).

Stated another way, "[the Act] accommodates the practical situation wherein the interests of one

side to the dispute may be served by delay in taking legal action."  *BP Chems. Ltd. v. Union

Carbide Corp.*, 4 F.3d 975, 977 (Fed. Cir. 1993).  In this case, Molex was hardly rendered

"helpless and immobile" by FCI USA's unwillingness or delays in taking legal action.  To the

contrary, FCI USA and Molex were discussing a potential license agreement, because that is

what both parties represented to each other as being their objective.  Moreover, FCI USA

repeatedly expressed that it wanted a quick resolution to the issue outside of the courts.  *See*

Exhibit A at ¶¶ 9-10.

In *EMC*, the Federal Circuit addressed a situation similar to the present one and affirmed the district court's refusal to exercise declaratory judgment jurisdiction. 89 F.3d at 815. As stated by the Federal Circuit:

> [A] patentee in the midst of active negotiations may not be leaving the other party "immobile" or "helpless" and may not be benefiting from the delay. Instead, the patentee may be attempting to avoid litigation by engaging the other party in extra-judicial dispute resolution.
> …
> In this case, EMC and Norand were involved in negotiations over the sale or licensing of Norand's patents up to the time the complaint was filed. Although EMC complains that Norand's position in the negotiations was unreasonable, there is no suggestion in any of the evidence proffered by EMC that Norand's participation in the negotiations was merely a pretext designed to give Norand a basis for keeping EMC from obtaining declaratory judgment relief.

*Id.*

The reasoning and holding of *EMC* are directly on point. As in *EMC*, FCI USA and Molex were in active negotiations over the patents-in-suit up until the time Molex decided to file its Complaint.[1] Also, there is no evidence that FCI USA was using the negotiations as a pretext to keep Molex from obtaining judicial relief. If any party is guilty of using the negotiations as pretext here, it is Molex. Despite Molex's representations that it wanted to negotiate a license, Molex simply stalled—it never outright rejected FCI USA's offer nor made a counter-offer—until it was ready to file this lawsuit.

As in *EMC*, this is not the type of situation that the Declaratory Judgment Act was intended to address. Indeed, allowing this declaratory judgment action to proceed would dissuade patentees such as FCI USA from ever seeking extra-judicial resolutions prior to filing

---

[1]    Despite the lawsuits, the parties continue to discuss a potential licensing arrangement to settle the dispute.

suit. As recognized by one court, "it would be inappropriate to reward—and indeed abet—conduct which is inconsistent with the sound policy of promoting extrajudicial dispute resolution[.]" *Davox Corp. v. Digital Sys. Int'l, Inc.*, 846 F. Supp. 144, 148 (D. Mass. 1993) (cited in *EMC*, 89 F.3d at 814); *see also Bausch & Lomb Inc. v. Alcide Corp.*, 684 F. Supp. 1155, 1160 (W.D.N.Y. 1987) (refusing to exercise declaratory judgment jurisdiction after the defendant-patentee offered to resolve the dispute without litigation because to do so otherwise "would be to discourage such good faith effort to negotiate."). The Court should not reward Molex's gamesmanship and should dismiss this declaratory judgment action. To allow this declaratory judgment action to proceed would unjustly reward Molex for misleading FCI USA during the licensing negotiations to buy time to file this action, and would be inconsistent with the purpose of the Declaratory Judgment Act.

> **2.    The Interests of Justice and the Convenience of the Witnesses and Parties Support Dismissal of This Case in Favor of the Delaware Litigation.**

This case should also be dismissed because the interests of justice and convenience favor permitting the parallel litigation pending in the District of Delaware to proceed.

First, it would be more convenient for the parties and the known witnesses in this case to proceed in the District of Delaware. Molex's principal place of business is near Chicago, Illinois, approximately 2000 miles from Reno. FCI USA, the real party in interest, is headquartered in Etters, Pennsylvania (a suburb of Harrisburg), over 2500 miles from Reno. Both parties are substantially closer to the District of Delaware—Wilmington, Delaware is 750 miles from Chicago, and about 100 miles from Etters. There are no witnesses from either party residing in or near Nevada. *See* Exhibit A at ¶¶ 3-5, 8. Thus, it would be more convenient for witnesses of both parties if this case proceeded in the District of Delaware. Additionally, former employees of FCI USA and other potential non-party witnesses living in the Harrisburg, Pennsylvania area

may be within the subpoena power of the District of Delaware, but certainly are not within the subpoena power of this Court.  Finally, all of the acts that led to the research, development, marketing, and sale of the product covered by the patents-in-suit and the procurement of the patents-in-suit occurred at FCI USA's headquarters in Etters, Pennsylvania.

Most importantly, Molex will not be prejudiced by allowing this litigation to proceed in the District of Delaware.  First, as discussed above, this case is in its most infant stages, with neither the Court nor the parties having spent substantial time developing the issues.  Therefore, the resources of the parties will not be wasted.  Second, the present litigation does not represent the full scope of the parties' dispute since the real party in interest, FCI USA, is not a party.  And, third, the District of Delaware is one of the more active and experienced district courts in terms of patent infringement litigations.  In fact, the Delaware Litigation has been assigned to the Honorable Joseph J. Farnan, who has presided over numerous patent infringement cases and has already scheduled a Rule 16 conference on April 20, 2007.  Molex is also not a resident of Nevada, and thus, this Court has no special interest in protecting Molex as would the court in Delaware where Molex is incorporated.  Finally, Molex has litigated in the District of Delaware in the past.  Specifically, in 1994 and 1995, Molex was involved in a patent litigation with Berg Electronics, Inc., a predecessor in interest to FCI USA, in the District of Delaware.

**B.    In the Alternative, the Court Should Stay this Case Pending the Outcome of the Delaware Litigation.**

In the event the Court declines to dismiss this case, it should stay the proceedings pending the completion of the parallel Delaware Litigation.  As the Supreme Court has observed, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *See Landis v. North American Co.,* 299 U.S. 248, 254 (1936); *see also Levya v.*

8

*Certified Growers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir.), *cert. denied*, 444 U.S. 827 (1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."); *Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983). This Court has recognized its inherent power to stay a case—"[e]very court has the inherent power to stay cases on its docket with a view to avoiding duplicative litigation, inconsistent results, and waste of time and effort by itself, the litigants and counsel. *Stern v. United States*, 563 F. Supp. 484, 489 (D. Nev. 1983).

A stay in this case would clearly avoid duplication of efforts and the potential for inconsistent results because the patents-in-suit in this case are also involved in the Delaware Litigation.[2] Staying this case pending the resolution of the Delaware Litigation would also likely avoid the potential for piecemeal litigation—the Delaware Litigation more fully represents the full scope of the dispute between the parties because it involves all interested parties and includes a recently issued FCI patent that is not part of this action. Finally, as set forth above, the balance of the equities in this case favors permitting the Delaware Litigation to proceed with this matter. A stay would conserve judicial resources and would allow the parties to concentrate their efforts on a single litigation.

### C.   The First-to-File Rule Does Not Apply.

Any argument that this case should proceed instead of the Delaware Litigation because it is the first-filed case should be rejected. The first-to-file principle generally favors first-filed cases when determining which of two parallel litigations should proceed. *See Serco Servs. Co.,*

---

[2]   While the normal course of action is to stay a later filed action in favor of the first-filed action, as explained in detail below the first-to-file rule is not applicable here because Molex misled FCI USA during licensing negotiations in order to "beat" FCI USA to the courthouse.

*L.P. v. Kelley Co., Inc.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995).  The first-to-file rule, however, is not absolute, and the first-filed case should not proceed when "considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise." *Id.*

This case is one where the first-filed case should give way to the later case.  First, Molex only "won" the race to the courthouse by stalling during licensing negotiations.  In these cases, the fact that the delaying party was first to file is of less relevance and the second-filed case should proceed.  *See Charles Scwab & Co. v. Duffy*, 1998 WL 879659, 49 U.S.P.Q.2d 1862, 1864 (N.D. Cal. 1998) ("Moreover, permitting this case to continue would reward a race to the courthouse that appears to have been 'won' by Schwab, at least in part, due to a letter sent to Duffy's attorney that may have misled Duffy as to Schwab's settlement intentions.").  As in *Schwab*, Molex filed first because it misled FCI USA as to its settlement intentions.  This Court should therefore refuse to apply the first-to-file rule.

The first-to-file rule is also not particularly appropriate here because FCI USA and FCI TECH filed suit against Molex the very next day.  The date of filing and the first-to-file rule is less important when short period of time passes between the first and second actions because no judicial resources are wasted in allowing the second-filed case to proceed.  *See Capitol Records, Inc. v. Optical Recording Corp.*, 810 F. Supp. 1350, 1355 (S.D.N.Y. 1992) ("Finally, the date of filing is less important when the competing actions are filed within a short period of time.  Only twenty days elapsed between the filing of the two complaints and no discovery or other pretrial proceedings had occurred in either forum at the time.") (internal citations omitted); *Columbia Pictures Indus., Inc. v. Schneider*, 435 F. Supp. 742, 748 (S.D.N.Y. 1977) ("Moreover, only six days elapsed between the filing of the two complaints; no discovery or other pretrial proceedings occurred in either district.  Thus, no judicial inefficiency or duplication of efforts will result from

10

requiring the parties to litigate [in the second-filed forum.]").  Here, only one day passed between the filing of this action and FCI's filing in the District of Delaware.  In fact, the Delaware Litigation was filed before Molex served its complaint in this case, which is another reason to depart from the first-to-file rule.  *See Hop-In Food Stores, Inc. v. S & D Coffee, Inc.*, 642 F. Supp. 1106, 1107 (W.D. Va. 1986) (departing from the first-to-file rule in part because service was only accomplished after the parallel action was filed).

This is a first-filed case largely because of Molex's delays during licensing negotiations. This fact combined with the facts that FCI's parallel suit was filed the very next day, that there are no ties to Nevada, and all of the witnesses, documents, and evidence are much closer to Delaware than Nevada, such that it would be much more convenient for both parties to try the case in Delaware, make this a proper case to depart from the first-to-file rule.  This Court should therefore not apply the first-to-file rule and should instead dismiss or stay this action.

11

IV.    **CONCLUSION**

For the reasons set forth in this memorandum, the Court should grant FCI's Motion and either dismiss Molex's Complaint or stay this matter pending the resolution of the Delaware Litigation.

Dated this 22nd day of March, 2007.

LIONEL SAWYER & COLLINS

BY:    /s/ Dan C. Bowen                    .
DAN C. BOWEN, ESQ. (SBN 1555)
LIONEL SAWYER & COLLINS
50 West Liberty Street, Suite 1100
Reno, NV 89501
Telephone:  775 788-8666
Facsimile:  775 788-8682

Attorneys for Defendant
FCI Americas Technology, Inc.

## CERTIFICATE OF SERVICE

I certify that I am an employee of LIONEL SAWYER & COLLINS, and that on this date I caused to be hand delivered a true and correct copy of **FCI AMERICAS TECHNOLOGY, INC.'S MOTION TO DISMISS MOLEX INC.'S COMPLAINT, OR IN THE ALTERNATIVE, TO STAY THE CASE PENDING RESOLUTION OF THE PARALLEL LITIGATION IN THE DISTRICT OF DELAWARE,** addressed to the following person:

> Thomas R.C. Wilson, Esq.
> McDonald Carano Wilson LLP
> 100 West Liberty Street, 10th Floor
> Reno, NV 89501

Dated this 22d day of March, 2007

/s/_____Jeanne Hale_____.
JEANNE HALE

13

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| FCI USA, INC. and<br>FCI AMERICAS TECHNOLOGY, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 1:07-CV-00049 (JJF) |
| MOLEX INCORPORATED, | ) ) | |
| Defendant. | ) ) ) | |

**DECLARATION OF M. RICHARD PAGE IN
SUPPORT OF FCI'S OPPOSITION TO MOLEX'S
MOTION TO DISMISS, STAY OR TRANSFER**

I, M. Richard Page, hereby declare as follows:

1.      I am an officer of FCI Americas Technology, Inc. ("FCI TECH") and hold the
title of Vice President and of FCI USA, Inc. and hold the title of Assistant Secretary.

2.      FCI TECH is a Nevada corporation and is the registered owner of the three
patents-in-suit, *i.e.*, United States Patent Nos. 6,981,883 ("'883 patent"), 7,114,964 ("'964
patent"), and 7,182,643 ("'643 patent"), which relate generally to high speed, shieldless
connectors.  FCI TECH is incorporated in the State of Nevada and has a duly registered agent
for service of process in the State of Nevada.

3.      FCI USA is incorporated in New York and has a principal place of business in
Etters, Pennsylvania, which is approximately 15 miles from the State Capitol of Harrisburg, and
specializes in the development, manufacture and marketing of electrical connectors.  FCI USA

is the exclusive U.S. licensee of the patents here in suit. FCI USA has no affiliations with the state of Nevada other than being registered to do business there, and no known FCI USA witnesses reside in Nevada.

4.    Six of the nine inventors of the patents-in-suit work at FCI USA's Etters, Pennsylvania facility or reside nearby. As to the other three inventors, one resides in the Netherlands and the other two are no longer employed by FCI. None of the inventors reside in the State of Nevada.

5.    Virtually all other potential witnesses are also located in or around Etters, Pennsylvania, including witnesses related to FCI's sales, marketing, and all other facets relevant to this litigation. None of the potential witnesses reside in Nevada.

6.    Virtually all of the development work related to the patents-in-suit took place in Etters, Pennsylvania.

7.    Virtually all the documents related to the development of the patents-in-suit are located in Etters, Pennsylvania.

8.    Molex Inc. ("Molex") is one of FCI's competitors in the electrical connector market and has its principal place of business in Lisle, Illinois, which is just outside of Chicago. Recently, Molex began marketing a high speed, shieldless electrical connector that is being marketed under the I-Trac name. In the high speed connector market, Molex's I-Trac connectors will compete directly against FCI's Airmax® connectors. I am not aware of any connections between Molex and the State of Nevada, and I am not aware of any Molex witnesses that reside in Nevada.

9.    Prior to the filing of this suit, the parties discussed issues related to FCI's patents, especially the '883 and '964 patents, and Molex's I-Trac connectors. Specifically, Molex's in-

2

house counsel came to the offices of FCI USA in Etters on December 14, 2006, at which both FCI USA and Molex declared that they wanted to resolve any issues between FCI's patents and Molex's I-Trac connectors through business level negotiations, rather than litigation.

10.    Shortly after the December 14 meeting, I sent to Molex's in-house counsel proposed licensing terms related to Molex's I-Trac connectors. Various exchanges took place during December and January, including questions from Molex seeking clarification and responses from me regarding the proposed license terms. Specifically, Molex requested clarification of FCI USA's terms related to the I-Trac connectors, but did not specifically address FCI's proposed terms or offer a counterproposal. At the end of January, I wrote Molex to request a response to the outstanding license proposal. At this point, well over a month had passed since the original December 14 meeting, and Molex had yet to specifically accept or reject FCI USA's licensing terms or offer terms of its own. The next day, Molex filed the present action.

11.    On the day after Molex filed suit in Nevada, FCI USA and FCI TECH filed the present lawsuit based on the '883 and '964 patents. Subsequent to filing, FCI amended its complaint to add U.S. Patent No. 7,182,643.

12.    In 1994 and 1995, Molex and Berg Electronics, Inc., a predecessor in interest to the present day FCI TECH and FCI USA, were involved in a patent dispute that was litigated in the United States District Court for the District of Delaware.

13.    It would be more convenient for FCI USA, as well as FCI TECH, to litigate in this Court than in the United States District Court for the District of Nevada. Wilmington, Delaware is approximately 100 miles to Etters, Pennsylvania while Reno, Nevada is approximately 2,500 miles from Etters, Pennsylvania.

I declare under penalty of perjury that the forgoing is true and correct.

Dated:  April 5, 2007

M. Richard Page

# EXHIBIT C

# U.S. District Court
## District of Delaware (Wilmington)
## CIVIL DOCKET FOR CASE #: 1:94-cv-00470-RRM

Berg Electronics v. Molex, Incorporated
Assigned to: Judge Roderick R. McKelvie
Demand: $0
Cause: 28:2201 Declaratory Judgment

Date Filed: 09/09/1994
Date Terminated: 12/05/1995
Jury Demand: Both
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**Berg Electronics, Inc.**                represented by    **Jack B. Blumenfeld**
                                                            Morris, Nichols, Arsht & Tunnell LLP
                                                            1201 North Market Street
                                                            P.O. Box 1347
                                                            Wilmington, DE 19899
                                                            (302) 658-9200
                                                            Email: jbbefiling@mnat.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Molex, Incorporated**                   represented by    **Ben T. Castle**
                                                            Young, Conaway, Stargatt & Taylor
                                                            The Brandywine Building
                                                            1000 West Street, 17th Floor
                                                            P.O. Box 391
                                                            Wilmington, DE 19899-0391
                                                            (302) 571-6600
                                                            Email: bcastle@ycst.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Josy W. Ingersoll**
                                                            Young, Conaway, Stargatt & Taylor
                                                            The Brandywine Building
                                                            1000 West Street, 17th Floor
                                                            P.O. Box 391
                                                            Wilmington, DE 19899-0391
                                                            (302) 571-6600
                                                            Email: jingersoll@ycst.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Molex, Incorporated**                   represented by    **Ben T. Castle**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

Josy W. Ingersoll
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Berg Electronics, Inc.**                    represented by    **Jack B. Blumenfeld**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Molex, Incorporated**                    represented by    **Ben T. Castle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Josy W. Ingersoll**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Berg Electronics, Inc.**                    represented by    **Jack B. Blumenfeld**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/09/1994 | 1 | COMPLAINT filed; FILING FEE $ 120.00 RECEIPT # 106072 (joy) (Entered: 09/12/1994) |
| 09/09/1994 | | SUMMONS(ES) issued for Molex, Incorporated (joy) (Entered: 09/12/1994) |
| 09/12/1994 | 2 | Report to Commissioner of Patents and Trademarks. Exit original. (joy) (Entered: 09/12/1994) |
| 09/23/1994 | 3 | CERTIFICATE OF SERVICE by Berg Electronics re pltfs' 1st set of reqst for production of docs & things (ds) (Entered: 09/27/1994) |
| 09/30/1994 | 4 | ANSWER to complaint and COUNTERCLAIM by Molex, Incorporated (Attorney Ben T. Castle); jury demand against Berg Electronics (nj) (Entered: 10/05/1994) |
| 10/03/1994 | 5 | RETURN OF SERVICE executed as to Molex, Incorporated 9/12/94 Answer due on 10/3/94 for Molex, Incorporated (nj) (Entered: 10/06/1994) |
| 10/12/1994 | 6 | CASE assigned to Judge Roderick R. McKelvie . Notice to all parties. (lg) (Entered: 10/12/1994) |
| 10/13/1994 | 8 | CERTIFICATE OF SERVICE by Molex, Incorporated re deft's 1st reqst for production of docs (ds) (Entered: 10/18/1994) |

| 10/14/1994 | 7 | Letter from Judge McKelvie to counsel with a draft proposed scheduling order. (lg) (Entered: 10/14/1994) |
|---|---|---|
| 10/14/1994 | 9 | DEMAND for jury trial by Berg Electronics (lg) (Entered: 10/18/1994) |
| 10/14/1994 | 10 | MOTION by Berg Electronics with Proposed Order for Norman L. Norris to Appear Pro Hac Vice (lg) (Entered: 10/18/1994) |
| 10/14/1994 | 11 | MOTION by Berg Electronics with Proposed Order for Albert T. Keyack to Appear Pro Hac Vice (lg) (Entered: 10/18/1994) |
| 10/14/1994 | 12 | MOTION by Berg Electronics with Proposed Order for John P. Donohue, Jr. to Appear Pro Hac Vice (lg) (Entered: 10/18/1994) |
| 10/19/1994 | | So Ordered granting [12-1] motion for John P. Donohue, Jr. to Appear Pro Hac Vice, granting [11-1] motion for Albert T. Keyack to Appear Pro Hac Vice, granting [10-1] motion for Norman L. Norris to Appear Pro Hac Vice ( signed by Judge Roderick R. McKelvie ) Notice to all parties. (lg) (Entered: 10/20/1994) |
| 10/20/1994 | 13 | MOTION by Berg Electronics with Proposed Order for Frederick A. Tecce to Appear Pro Hac Vice (lg) (Entered: 10/20/1994) |
| 10/20/1994 | 14 | CERTIFICATE OF SERVICE by Molex, Incorporated copies First Set of Interrogs No. 1-26. (lg) (Entered: 10/20/1994) |
| 10/20/1994 | 15 | ANSWER by Berg Electronics to [4-2] counter claim (lg) (Entered: 10/21/1994) |
| 10/21/1994 | | So Ordered granting [13-1] motion for Frederick A. Tecce to Appear Pro Hac Vice ( signed by Judge Roderick R. McKelvie ) Notice to all parties. (lg) (Entered: 10/21/1994) |
| 10/25/1994 | 16 | CERTIFICATE OF SERVICE by Molex, Incorporated copies Response to First Request for Production of Documents and Things. (lg) (Entered: 10/25/1994) |
| 10/31/1994 | 17 | Letter from Judge McKelvie to counsel to follow up the 10/31/94 telephone conference call. (lg) (Entered: 11/01/1994) |
| 10/31/1994 | 18 | SCHEDULING ORDER setting Status Report 1/18/95 Status Conference 4:00 1/25/95 Joining of parties,amending of pleadings on 1/17/95 ; Discovery cutoff 7/13/95 ; Deadline for filing dispositive motions 7/6/95 Pretrial conference for 2:00 9/5/95 ; Fifteen Day Jury Trial Date Deadline 9:00 9/11/95 ; ( signed by Judge Roderick R. McKelvie ) copies to: counsel and MPT (lg) (Entered: 11/01/1994) |
| 10/31/1994 | 19 | MOTION by Molex, Incorporated with Proposed Order for Preliminary Injunction (lg) (Entered: 11/01/1994) |
| 10/31/1994 | 20 | Opening Brief Filed by Molex, Incorporated [19-1] motion for Preliminary Injunction Answer Brief due 11/14/94 {SEALED} (lg) (Entered: 11/01/1994) |
| 10/31/1994 | 21 | Appendix to Brief Filed by Molex, Incorporated Appending [20-1] opening brief {SEALED} (lg) (Entered: 11/01/1994) |
| 10/31/1994 | 22 | Exhibits to Opening Brief Filed by Molex, Incorporated Appending [20-1] opening brief Volume I {SEALED} (lg) (Entered: 11/01/1994) |
| 10/31/1994 | 23 | Exhibits to Opening Brief Filed by Molex, Incorporated Appending [20-1] opening brief Volume II {SEALED} (lg) (Entered: 11/01/1994) |
| 11/01/1994 | 24 | MOTION by Molex, Incorporated with Proposed Order for Dennis R. Schlemmer to Appear Pro Hac Vice (lg) (Entered: 11/01/1994) |

| 11/01/1994 | 25 | MOTION by Molex, Incorporated with Proposed Order for John W. Kozak to Appear Pro Hac Vice (lg) (Entered: 11/01/1994) |
|---|---|---|
| 11/02/1994 | | So Ordered granting [25-1] motion for John W. Kozak to Appear Pro Hac Vice, granting [24-1] motion for Dennis R. Schlemmer to Appear Pro Hac Vice ( signed by Judge Roderick R. McKelvie ) Notice to all parties. (lg) (Entered: 11/02/1994) |
| 11/08/1994 | 26 | Proposed Protective Order filed by Berg Electronics, Molex, Incorporated (lg) (Entered: 11/08/1994) |
| 11/10/1994 | 27 | ORDER, set Telephone Conference for 9:00 11/30/94 ( signed by Judge Mary P. Trostle ) copies to: Blumenfeld, Ingersoll & Castle (lg) (Entered: 11/14/1994) |
| 11/14/1994 | | So Ordered [26-1] proposed order ( signed by Judge Roderick R. McKelvie ) Notice to all parties. (lg) (Entered: 11/14/1994) |
| 11/15/1994 | | Tele-conference held - ct rptr V. Gunning. (lg) (Entered: 11/15/1994) |
| 11/15/1994 | 28 | CERTIFICATE OF SERVICE by Berg Electronics resp. to deft's 1st rqst. for prod. docs. (ssb) (Entered: 11/17/1994) |
| 11/16/1994 | 29 | ORDER, reset Pretrial Conference for 2:30 2/15/95 and 2 day Motion Hearing set for 9:00 2/22/95 for [19-1] motion for Preliminary Injunction w/each side being allocated 6 hours to present its case ( signed by Judge Roderick R. McKelvie ) copies to: cnsl. (ssb) (Entered: 11/17/1994) |
| 11/21/1994 | 30 | CERTIFICATE OF SERVICE by Berg Electronics resp. to deft's 1st set of interrogs. (ssb) (Entered: 11/22/1994) |
| 11/28/1994 | 31 | Steno Notes for 11/15/94 telephone conference (Ct. Rptr. Gunning) (ssb) (Entered: 11/29/1994) |
| 11/30/1994 | 32 | ORDER, set Settlement Conference for 9:00 2/14/95 ( signed by Judge Mary P. Trostle ) copies to: Blumenfeld, Ingersoll & Castle (lg) (Entered: 12/01/1994) |
| 12/13/1994 | 33 | NOTICE by Berg Electronics to take deposition of Kent E. regnier on 12/15/94 at 10:00 a.m. (lg) (Entered: 12/14/1994) |
| 12/13/1994 | 34 | NOTICE by Berg Electronics to take deposition of Patrick D. Bakke on 12/14/94 at 10:30 a.m. (lg) (Entered: 12/14/1994) |
| 12/13/1994 | 35 | NOTICE by Berg Electronics to take deposition of Anthony M. DiViesti on 12/16/94 at 10:00 a.m. (lg) (Entered: 12/14/1994) |
| 12/14/1994 | 36 | CERTIFICATE OF SERVICE of Subpoena for Production of Documents and Things by Berg Electronics (lg) (Entered: 12/15/1994) |
| 12/23/1994 | 37 | CERTIFICATE OF SERVICE by Berg Electronics of Subpoena for Production of Documents and Things. (lg) (Entered: 01/03/1995) |
| 01/09/1995 | 38 | NOTICE by Berg Electronics to take deposition of Charles Cohen on 1/12/95 at 9:30 a.m. (lg) (Entered: 01/10/1995) |
| 01/09/1995 | 39 | NOTICE by Berg Electronics to take deposition of Hans Van Delft on 1/11/95 at 10:30 a.m. (lg) (Entered: 01/10/1995) |
| 01/17/1995 | 40 | NOTICE by Berg Electronics to take deposition of Stephen Z. Weiss on 1/20/95 at 9:00 a.m. (lg) (Entered: 01/19/1995) |
| 01/17/1995 | 41 | NOTICE by Berg Electronics to take deposition of Alan Walse on 1/18/95 at 10:00 a.m. (lg) (Entered: 01/19/1995) |

| 01/18/1995 | 42 | STATUS REPORT by Molex, Incorporated (lg) (Entered: 01/19/1995) |
| 01/18/1995 | 43 | Videotape filed by Molex, Incorporated Molex Patents {SEALED} (lg) (Entered: 01/19/1995) |
| 01/18/1995 | 44 | Videotape filed by Berg Electronics {SEALED} (lg) (Entered: 01/19/1995) |
| 01/18/1995 | 45 | Letter from Jack B. Blumenfeld, Esq. to Judge McKelvie {SEALED} (lg) (Entered: 01/19/1995) |
| 01/18/1995 | 46 | Letter from Jack Blumenfeld, Esq. to the Clerk of Court to inform that pltf does not intend to file an opening brief to their Motion for Leave to Amend Pltf's Complaint and Reply to Counterclaims. (lg) (Entered: 01/19/1995) |
| 01/18/1995 | 47 | MOTION by Berg Electronics with Proposed Order for Leave to Amend Plaintiff's Complaint , and to Amend [15-1] counterclaim answer Plaintiff's Reply to Defendant's Counterclaims Answer Brief due 2/1/95 re: [47-1] motion, Answer Brief due 2/1/95 re: [47-2] motion (lg) (Entered: 01/19/1995) |
| 01/19/1995 | 48 | RE-NOTICE by Berg Electronics to take videotape deposition of Stephen Z. Weiss on 1/20/95 at 9:00 a.m. (lg) (Entered: 01/19/1995) |
| 01/19/1995 | 49 | NOTICE by Berg Electronics to take videotape deposition of John LoPata on 1/19/95 at 1:30 p.m. (lg) (Entered: 01/19/1995) |
| 01/20/1995 | 50 | Letter from Josy Ingersoll, Esq. to Judge McKelvie RE: privileged documents inadvertently produced. (lg) (Entered: 01/20/1995) |
| 01/20/1995 | 51 | TRANSCRIPT filed for dates of 11/15/94 teleconference - ct rptr V. Gunning. (lg) (Entered: 01/20/1995) |
| 01/20/1995 | 52 | TRANSCRIPT filed for dates of 1/15/95 teleconference - ct rptr V. Gunning. (lg) (Entered: 01/20/1995) |
| 01/20/1995 | 53 | CERTIFICATE OF SERVICE by Berg Electronics of Subpoena for Production of Documents and Things on Paul J. Hayes, Esq. (lg) (Entered: 01/23/1995) |
| 01/20/1995 | 54 | CERTIFICATE OF SERVICE by Berg Electronics of Subpoena for Production of Documents and Things on IBM Corporation. (lg) (Entered: 01/23/1995) |
| 01/20/1995 | 55 | CERTIFICATE OF SERVICE by Berg Electronics of Subpoena for Production of Documents and Things on IBM Corporation. (lg) (Entered: 01/23/1995) |
| 01/25/1995 | 56 | RESPONSE in letter form filed by Berg Electronics in opposition to [43-1] videotape of Molex Incorporated. (lg) (Entered: 01/26/1995) |
| 01/25/1995 |  | Status conference held - ct rptr V. Gunning. (lg) (Entered: 01/26/1995) |
| 01/25/1995 | 57 | TRANSCRIPT filed for dates of 1/20/95 teleconference - ct rptr H. Slate. (lg) (Entered: 01/26/1995) |
| 01/26/1995 | 58 | NOTICE by Berg Electronics to take deposition of Richard Bahou on 1/26/95 at 1:30 p.m. (lg) Modified on 01/26/1995 (Entered: 01/26/1995) |
| 01/26/1995 | 59 | NOTICE by Berg Electronics to take deposition of John LoPata on 1/26/95 at 10:30 a.m. (lg) (Entered: 01/26/1995) |
| 01/27/1995 | 60 | Letter to Judge McKelvie from Josy W. Ingersoll on behalf of deft. Molex addressing the more significant controverted points of the videotape presentation submitted to the Court by Berg Electronics, Inc. (ssb) (Entered: 01/30/1995) |
| 01/30/1995 | 61 | NOTICE by Berg Electronics to take deposition of Mansanori Yagi on 2/2/95 at 9:00 |

| | | a.m. (lg) (Entered: 01/31/1995) |
|---|---|---|
| 01/30/1995 | 62 | CERTIFICATE OF SERVICE by Berg Electronics copies Supplemental Response to Deft's First Set of Interrogs. (lg) (Entered: 01/31/1995) |
| 01/31/1995 | 63 | TRANSCRIPT filed for dates of 1/25/95 2:03 p.m. - ct rptr V. Gunning. (lg) (Entered: 01/31/1995) |
| 01/31/1995 | 65 | STIPULATION with proposed order to grant pltf's Motion for Leave to Amend its Complaint and to Amend its Reply to Deft's Counterclaims (D.I. 47); to deem as filed upon the entry of this Stipulation and Order the Amended Complaint and Pltf's Amended Reply to Deft's Counterclaims; and to extend the time to 3/10/95 for deft to respond to the Amended Complaint. (lg) (Entered: 02/02/1995) |
| 01/31/1995 | 66 | Proposed Order filed by Berg Electronics, Molex, Incorporated for deft to produce to pltf, for use by outside counsel only, a Design Development Agreement between Molex In. and International Business Machines Corp. executed 9/21/89 and any related documents; and that the parties shall produce, for use by outside counsel only, any other documents withheld on the basis of confidentiality obligations to third parties; provided, however, that if either party has concerns about production of a specific document because of confidentiality obligations to a third party, it may arrange for a telephone conference with the Court to resolve the matter. (lg) (Entered: 02/02/1995) |
| 02/01/1995 | 64 | Steno Notes for 1/20/95 teleconference - ct rptr H. Slate. (lg) (Entered: 02/01/1995) |
| 02/02/1995 | | So Ordered [66-1] proposed order granting [65-1] stipulation ( signed by Judge Roderick R. McKelvie ) Notice to all parties. (lg) (Entered: 02/03/1995) |
| 02/02/1995 | | So Ordered granting [47-1] motion for Leave to Amend Plaintiff's Complaint, granting [47-2] motion to Amend [15-1] counterclaim answer Plaintiff's Reply to Defendant's Counterclaims ( signed by Judge Roderick R. McKelvie ) Notice to all parties. (lg) (Entered: 02/03/1995) |
| 02/02/1995 | 67 | Amended ANSWER by Berg Electronics to [4-2] counter claim {SEALED} (lg) Modified on 02/07/1995 (Entered: 02/07/1995) |
| 02/02/1995 | 68 | AMENDED COMPLAINT by Berg Electronics , (Answer due 2/13/95 for Molex, Incorporated ) amending [1-1] complaint (lg) (Entered: 02/07/1995) |
| 02/08/1995 | 69 | Steno Notes for 2/5/95 teleconference - ct rptr K. Maurer. (lg) (Entered: 02/08/1995) |
| 02/08/1995 | 70 | OPINION ( signed by Judge Roderick R. McKelvie ) copies to: picked up by cnsl (lg) (Entered: 02/09/1995) |
| 02/08/1995 | 71 | ORDER Granting Deft's Motion for Return of Documents: pltf shall return to deft all copies of the documents deft has identified as inadvertently produced. As to each document returned, deft shall prepare a log identifying the document and the basis for the claim that it is protected by the attorney-client privilege or that it is not relevant. To the extent deft has also moved to strike that portion of the deposition testimony taken regarding the inadvertently produced documents, deft may renew this application at the pretrial conferece. ( signed by Judge Roderick R. McKelvie ) copies to: picked up by cnsl (lg) (Entered: 02/09/1995) |
| 02/13/1995 | 72 | Proposed pre-trial order filed by Berg Electronics, Molex, Incorporated {SEALED} (lg) (Entered: 02/14/1995) |
| 02/16/1995 | 73 | CERTIFICATE OF SERVICE of subpoena by Berg Electronics for prod. docs. on Thomas J. Scott, Jr., Esq. (ssb) (Entered: 02/17/1995) |
| 02/16/1995 | 74 | Letter from Josy W. Ingersoll to Judge McKelvie encl. draft order reflecting the |

| | | confidential treatment of the Augat documents discussed at yesterday's pretrial conference. (ssb) (Entered: 02/17/1995) |
|---|---|---|
| 02/16/1995 | 75 | Steno Notes for 2/15/95 pretrial conference (Ct. Rptr. Maurer) (ssb) (Entered: 02/17/1995) |
| 02/16/1995 | 76 | Proposed Order filed by Molex, Incorporated RE: confidential treatment of the Augat documents. (lg) (Entered: 02/22/1995) |
| 02/17/1995 | 77 | Steno Notes for 1/25/95 conference - ct rptr V. Gunning. (lg) (Entered: 02/22/1995) |
| 02/17/1995 | 78 | TRANSCRIPT filed for dates of 2/15/95 conference - ct rptr K. Maurer. (lg) (Entered: 02/22/1995) |
| 02/21/1995 | 79 | MOTION by Berg Electronics with Proposed Order for Leave to Exceed Page Limitation - to exceed the 40 page limit for the Pre-Hearing Memorandum in Opposition to Deft's Motion for a Preliminary Injunction (to 53 pages) (lg) (Entered: 02/22/1995) |
| 02/21/1995 | 80 | Answer Brief Filed by Berg Electronics [19-1] motion for Preliminary Injunction Reply Brief due 2/28/95 {SEALED} (lg) (Entered: 02/22/1995) |
| 02/21/1995 | 81 | MOTION by Molex, Incorporated with Proposed Order for Paul J. Korniczky to Appear Pro Hac Vice (lg) Modified on 02/22/1995 (Entered: 02/22/1995) |
| 02/21/1995 | 82 | MOTION by Molex, Incorporated with Proposed Order for Joh E. Rosenquist to Appear Pro Hac Vice (lg) (Entered: 02/22/1995) |
| 02/22/1995 | | Motion hearing re: [19-1] motion for Preliminary Injunction Motion hearing held Day One - ct rptr K. Maurer. (lg) (Entered: 02/23/1995) |
| 02/23/1995 | | Motion hearing re: [19-1] motion for Preliminary Injunction Motion hearing held Day Two - ct rptr K. Maurer. (lg) (Entered: 02/23/1995) |
| 02/23/1995 | | So Ordered granting [82-1] motion for Joh E. Rosenquist to Appear Pro Hac Vice, granting [81-1] motion for Paul J. Korniczky to Appear Pro Hac Vice ( signed by Judge Roderick R. McKelvie ) Notice to all parties. (lg) (Entered: 02/23/1995) |
| 02/23/1995 | 83 | TRANSCRIPT filed for dates of 2/22/95 Motion Hearing - ct rptr K. Maurer. (lg) (Entered: 02/23/1995) |
| 02/23/1995 | 84 | MOTION by Berg Electronics with Proposed Order for Kevin M. Flannery to Appear Pro Hac Vice (lg) (Entered: 02/23/1995) |
| 02/23/1995 | 85 | MOTION by Berg Electronics with Proposed Order for Rebecca Ralph to Appear Pro Hac Vice (lg) (Entered: 02/23/1995) |
| 02/24/1995 | 86 | TRANSCRIPT filed for dates of 2/23/95 Hearing Day Two - ct rptr K. Maurer. (lg) (Entered: 02/24/1995) |
| 02/24/1995 | | Motion hearing Day Three re: [19-1] motion for Preliminary Injunction - ct rptr K. Maurer. (lg) (Entered: 02/24/1995) |
| 02/24/1995 | | So Ordered granting [85-1] motion for Rebecca Ralph to Appear Pro Hac Vice, granting [84-1] motion for Kevin M. Flannery to Appear Pro Hac Vice ( signed by Judge Roderick R. McKelvie ) Notice to all parties. (lg) (Entered: 02/24/1995) |
| 02/27/1995 | | So Ordered [76-1] proposed order granting [79-1] motion for Leave to Exceed Page Limitation - to exceed the 40 page limit for the Pre-Hearing Memorandum in Opposition to Deft's Motion for a Preliminary Injunction (to 53 pages) ( signed by Judge Roderick R. McKelvie ) Notice to all parties. (lg) (Entered: 02/27/1995) |

| 02/27/1995 | 87 | TRANSCRIPT filed for dates of 2/24/95 at 9:00 a.m. - ct rptr K. Maurer. (lg) (Entered: 02/27/1995) |
|---|---|---|
| 02/28/1995 | 88 | Steno Notes for 2/22/1995 Motion Hearing RE: Preliminary Injunction - ct rptr K. Maurer. (lg) (Entered: 03/01/1995) |
| 02/28/1995 | 89 | Steno Notes for 2/23/95 Motion Hearing Second Day - ct rptr K. Maurer. (lg) (Entered: 03/01/1995) |
| 02/28/1995 | 90 | Steno Notes for 2/24/1995 Motion Hearing Third Day - ct rptr K. Maurer. (lg) (Entered: 03/01/1995) |
| 03/07/1995 | 91 | Letter from Donald F. Parsons, Jr. to Judge McKelvie attaching a list which cross-references the depos. exhibit numbers identified in the depos. admitted into evidence as exhibits numbers 520-527 with the corresponding trial exhibit numbers from the hearing of 2/23-24/95. (ssb) (Entered: 03/08/1995) |
| 03/10/1995 | 92 | MOTION by Molex, Incorporated to Extend Time to Answer Count I of the Amended Complaint Answer Brief due 3/24/95 re: [92-1] motion (lg) (Entered: 03/14/1995) |
| 03/10/1995 | 93 | MOTION by Molex, Incorporated to Dismiss Counts II through V of Amended Complaint (lg) (Entered: 03/14/1995) |
| 03/10/1995 | 94 | Opening Brief Filed by Molex, Incorporated [93-1] motion to Dismiss Counts II through V of Amended Complaint Answer Brief due 3/24/95 {SEALED} (lg) Modified on 03/14/1995 (Entered: 03/14/1995) |
| 03/13/1995 | 95 | Post Hearing Brief Filed by Molex, Incorporated [19-1] motion for Preliminary Injunction Answer Brief due 3/27/95 (lg) (Entered: 03/14/1995) |
| 03/14/1995 | 96 | Post Hearing Memorandum in Opposition Filed by Berg Electronics [19-1] motion for Preliminary Injunction Reply Brief due 3/21/95 {SEALED} (lg) (Entered: 03/14/1995) |
| 03/16/1995 | 97 | STIPULATION with proposed order for the parties to serve and file their responsive post hearing memoranda on deft's Motion for a Preliminary Injunction shall be extended to 3/23/95. (lg) (Entered: 03/17/1995) |
| 03/17/1995 | 98 | Exhibit list by Berg Electronics, Molex, Incorporated for the February 1995 Hearing on the Motion for Preliminary Injunction. (lg) (Entered: 03/17/1995) |
| 03/17/1995 | | So Ordered granting [97-1] stipulation ( signed by Judge Roderick R. McKelvie ) Notice to all parties. (lg) (Entered: 03/17/1995) |
| 03/23/1995 | 99 | Reply Brief Filed by Molex, Incorporated [19-1] motion for Preliminary Injunction {SEALED} (lg) (Entered: 03/28/1995) |
| 03/24/1995 | 100 | Answer Brief Filed by Berg Electronics [19-1] motion for Preliminary Injunction {SEALED} (lg) (Entered: 03/28/1995) |
| 03/24/1995 | 101 | STIPULATION with proposed order that the schedule for the completion of briefing on Deft's Motion to Dismiss Counts II through V of the Amended Complaint (D.I. 93) shall be: Berg's Answering Brief due 4/11/95 and Molex's Reply Brief due 4/21/95. (lg) (Entered: 03/28/1995) |
| 03/24/1995 | 102 | Answer Brief Filed by Berg Electronics [92-1] motion to Extend Time to Answer Count I of the Amended Complaint Reply Brief due 3/31/95 (lg) (Entered: 03/28/1995) |
| 03/28/1995 | 103 | ORDER denying [19-1] motion for Preliminary Injunction, reset Scheduling Order Deadlines: Pretrial conference by 2:00 5/24/95 Ten Day Jury Trial Date Deadline 9:00 6/1/95 ( signed by Judge Roderick R. McKelvie ) copies to: Blumenfeld, Ingersoll & Castle (lg) (Entered: 03/28/1995) |

| 03/29/1995 | 104 | TRANSCRIPT filed for dates of 3/28/95 Hearing - ct rptr V. Gunning. (lg) (Entered: 03/29/1995) |
| 03/31/1995 | 105 | Steno Notes for 3/28/95 Hearing - ct rptr V. Gunning. (lg) (Entered: 03/31/1995) |
| 04/11/1995 | 106 | CERTIFICATE OF SERVICE by Berg Electronics copies First Set of Interrogs and Second Set of Document Requests. (lg) (Entered: 04/12/1995) |
| 04/11/1995 | 107 | TRANSCRIPT filed for dates of 4/5/95 teleconference - ct rptr V. Gunning. (lg) (Entered: 04/12/1995) |
| 04/12/1995 | 108 | ANSWER to amended complaint and COUNTERCLAIM by Molex, Incorporated against Berg Electronics (lg) (Entered: 04/17/1995) |
| 04/12/1995 | 109 | Answer Brief Filed by Berg Electronics [93-1] motion to Dismiss Counts II through V of Amended Complaint Reply Brief due 4/19/95 (lg) (Entered: 04/17/1995) |
| 04/13/1995 | 110 | NOTICE by Berg Electronics to take deposition of Shoji Yamada on 4/18/95 at 10:00 a.m. (lg) (Entered: 04/17/1995) |
| 04/14/1995 | 111 | MOTION by Molex, Incorporated to Place Berg's Tort Claims into the Second Trial (lg) (Entered: 04/17/1995) |
| 04/14/1995 | 112 | Opening Brief Filed by Berg Electronics [111-1] motion to Place Berg's Tort Claims into the Second Trial Answer Brief due 4/28/95 (lg) (Entered: 04/17/1995) |
| 04/21/1995 | 113 | Steno Notes for 4/5/95 teleconference - ct rptr V. Gunning. (lg) (Entered: 04/21/1995) |
| 04/21/1995 | 114 | CERTIFICATE OF SERVICE by Molex, Incorporated copies Second Set of Requests for the Production of Documents and Things (Nos. 69-100) and Second Set of Interrogs (Nos. 27-29) (lg) (Entered: 04/21/1995) |
| 04/21/1995 | 115 | Reply Brief Filed by Molex, Incorporated [93-1] motion to Dismiss Counts II through V of Amended Complaint (lg) (Entered: 04/24/1995) |
| 04/21/1995 | 116 | Subpoena for E.I. duPont de Nemours & Co. for deposition and production of documents on 5/8/95 at 9:00 a.m. (lg) (Entered: 04/24/1995) |
| 04/21/1995 | 117 | NOTICE by Molex, Incorporated to take deposition of E.I. duPont de Nemours & Co. on 5/8/95 at 9:00 a.m. (lg) (Entered: 04/24/1995) |
| 04/26/1995 |  | Tele-conference held - ct rptr V. Gunning. (lg) (Entered: 04/26/1995) |
| 04/27/1995 | 118 | ORDER the court will defer decision on issues raised in the 4/26/95 conference call, including pltf's motion for an order compelling defendant to produce witnesses to be deposed and on deft's motion to bifurcate trial on the issues of liability and damages. ( signed by Judge Roderick R. McKelvie ) copies to: Blumenfeld, Castle & Ingersoll (lg) (Entered: 04/27/1995) |
| 04/27/1995 | 119 | CERTIFICATE OF SERVICE by Berg Electronics copies Third Request for Production of Documents and Things. (lg) (Entered: 05/01/1995) |
| 04/28/1995 | 120 | Answer Brief Filed by Berg Electronics [111-1] motion to Place Berg's Tort Claims into the Second Trial Reply Brief due 5/5/95 (lg) (Entered: 05/01/1995) |
| 05/01/1995 | 121 | NOTICE by Berg Electronics to take deposition of Jay Neer on 5/4/95 at 11:00 a.m. (lg) (Entered: 05/02/1995) |
| 05/03/1995 |  | Tele-conference held - ct rptr not present. (lg) (Entered: 05/04/1995) |
| 05/03/1995 | 123 | MOTION by Molex, Incorporated to Reorder the Presentation of Evidence in the First Trial (lg) (Entered: 05/04/1995) |

| 05/03/1995 | 124 | Opening Brief Filed by Molex, Incorporated [123-1] motion to Reorder the Presentation of Evidence in the First Trial Answer Brief due 5/17/95 (lg) (Entered: 05/04/1995) |
| 05/04/1995 | 122 | Steno Notes for 4/26/95 teleconference - ct rptr V. Gunning. (lg) (Entered: 05/04/1995) |
| 05/04/1995 | 125 | ORDER Following the May 3, 1995 Conference Call - counsel should proceed based on the decisions announced by the court during the call and counsel may file a motion, brief or letter memoranda to review or seek reconsideration of any matter discussed during the call. ( signed by Judge Roderick R. McKelvie ) copies to: Blumenfeld, Castle & Ingersoll (lg) (Entered: 05/04/1995) |
| 05/05/1995 | 126 | Reply Brief Filed by Molex, Incorporated [111-1] motion to Place Berg's Tort Claims into the Second Trial (lg) (Entered: 05/08/1995) |
| 05/09/1995 | 127 | NOTICE by Berg Electronics to take video tape deposition of Gerald E. Hespos on 5/10/95 at 10:00 a.m. (lg) (Entered: 05/09/1995) |
| 05/10/1995 | 128 | Letter from Donald F. Parsons, Jr., Esq. to Judge McKelvie with a copy of a Notice issued 5/9/95 by the Admininstrative Law Judge in the ITC proceeding involving AMP and Berg. (lg) (Entered: 05/11/1995) |
| 05/12/1995 | 129 | MOTION by Berg Electronics to Further Amend [68-1] the Amended complaint Answer Brief due 5/26/95 re: [129-1] motion {SEALED} (lg) Modified on 05/15/1995 (Entered: 05/15/1995) |
| 05/12/1995 | | Scheduling conference held - ct rptr K. Maurer. (lg) (Entered: 05/15/1995) |
| 05/15/1995 | 130 | NOTICE by Molex, Incorporated to take deposition of Barry Brigman & Richard Page on 5/17/95 at 9:30 a.m. (lg) (Entered: 05/15/1995) |
| 05/15/1995 | 131 | CERTIFICATE OF SERVICE by Molex, Incorporated copies Response to Second Request for Production of Documents and Things and Answer to First Set of Interrogs. (lg) (Entered: 05/15/1995) |
| 05/15/1995 | 132 | ORDER Berg may file a motion for protective order or injunction to protect it from having to try the I.T.C. case on a schedule that distracts it from preparing and presenting its case in this action. Berg may file a motion to bifurcate the liability and damage issues. ( signed by Judge Roderick R. McKelvie ) copies to: counsel via secretary (lg) (Entered: 05/16/1995) |
| 05/16/1995 | 133 | Answer Brief Filed by Berg Electronics [123-1] motion to Reorder the Presentation of Evidence in the First Trial Reply Brief due 5/23/95 (lg) (Entered: 05/17/1995) |
| 05/17/1995 | 134 | Steno Notes for 5/12/95 Teleconference - ct rptr K. Maurer. (lg) (Entered: 05/18/1995) |
| 05/18/1995 | 135 | Letter from Donald F. Parsons, Jr., Esq. to Judge McKelvie with a courtesy copy of the transcript of the conference before Judge Saxon of the U.S. International Trade Commission involving AMP and BERG on May 15, 1995. (lg) Modified on 05/18/1995 (Entered: 05/18/1995) |
| 05/18/1995 | 136 | MOTION by Berg Electronics with Proposed Order to Bifurcate Damages and Willfulness for a Separate and Later Trial (lg) (Entered: 05/19/1995) |
| 05/18/1995 | 137 | Opening Brief Filed by Berg Electronics [136-1] motion to Bifurcate Damages and Willfulness for a Separate and Later Trial Answer Brief due 6/1/95 (lg) (Entered: 05/19/1995) |
| 05/19/1995 | 138 | Letter from Donald F. Parsons, Jr. to Judge McKelvie requesting expedited briefing on the Motion for Postponement of the Molex Trial, or , Alternatively, for an Injunction Concerning AMP's Proceedings against Berg Before the ITC, a hearing on the motion and a teleconference to discuss the presentation of the motion. (lg) (Entered: |

| 05/19/1995 | 139 | MOTION by Berg Electronics for Postponement of the Molex Trial , or, Alternatively for an Injunction Concerning AMP's Proceedings against Berg before the ITC (lg) Modified on 05/22/1995 (Entered: 05/22/1995) |
| 05/19/1995 | 140 | Opening Brief Filed by Berg Electronics [139-1] motion for Postponement of the Molex Trial Answer Brief due 6/2/95, [139-2] motion for an Injunction Concerning AMP; s Proceedings against Berg before the ITC Answer Brief due 6/2/95 (lg) (Entered: 05/22/1995) |
| 05/22/1995 | 141 | ORDER, Motion Hearing set for 11:00 5/24/95 for [139-1] motion for Postponement of the Molex Trial, set for 11:00 5/24/95 for [139-2] motion for an Injunction Concerning AMP's Proceedings against Berg before the ITC ( signed by Judge Roderick R. McKelvie ) copies to: counsel via secretary (lg) (Entered: 05/22/1995) |
| 05/24/1995 | 142 | Reply Brief Filed by Molex, Incorporated [123-1] motion to Reorder the Presentation of Evidence in the First Trial (lg) (Entered: 05/26/1995) |
| 05/25/1995 | 143 | TRANSCRIPT filed for dates of 5/12/95 teleconference - ct rptr K. Maurer. (lg) (Entered: 05/26/1995) |
| 05/26/1995 | 144 | Answer Brief Filed by Molex, Incorporated [129-1] motion to Further Amend [68-1] the Amended complaint Reply Brief due 6/2/95 (lg) (Entered: 05/30/1995) |
| 05/30/1995 | 145 | STIPULATION with proposed order for Continuance of Trial [to 9/21/95] and Scheduling of Discovery. (lg) (Entered: 05/31/1995) |
| 06/01/1995 | | So Ordered granting [145-1] stipulation ( signed by Judge Roderick R. McKelvie ) Notice to all parties. (lg) (Entered: 06/02/1995) |
| 06/01/1995 | | Deadline updated; reset Scheduling Order Deadlines: Trial Date Deadline 9:00 9/21/95 (lg) (Entered: 06/02/1995) |
| 06/05/1995 | 146 | Reply Brief Filed by Berg Electronics [129-1] motion to Further Amend [68-1] the Amended complaint (lg) (Entered: 06/06/1995) |
| 06/12/1995 | 147 | TRANSCRIPT filed for dates of 4/26/95 teleconference - ct rptr V. Gunning. (lg) (Entered: 06/13/1995) |
| 07/21/1995 | 148 | MOTION by Berg Electronics with Proposed Order for Larry L. Shatzer, II to Appear Pro Hac Vice (lg) (Entered: 07/24/1995) |
| 07/21/1995 | 149 | MOTION by Berg Electronics with Proposed Order for Tom M. Schaumberg to Appear Pro Hac Vice (lg) (Entered: 07/24/1995) |
| 07/26/1995 | | So Ordered granting [149-1] motion for Tom M. Schaumberg to Appear Pro Hac Vice, granting [148-1] motion for Larry L. Shatzer, II to Appear Pro Hac Vice ( signed by Judge Roderick R. McKelvie ) Notice to all parties. (lg) (Entered: 07/26/1995) |
| 07/27/1995 | 150 | NOTICE by Berg Electronics to take deposition of Molex, Inc. on 8/7/95 at 9:30 a.m. (lg) (Entered: 07/28/1995) |
| 08/10/1995 | 151 | NOTICE by Berg Electronics to take deposition of Hans Van Delft on 8/25/95 at 2:00 p.m. (lg) (Entered: 08/10/1995) |
| 08/10/1995 | 152 | NOTICE by Berg Electronics to take deposition of Mike Zidek on 8/25/95 at 2:00 p.m. (lg) (Entered: 08/10/1995) |
| 08/10/1995 | 153 | NOTICE by Berg Electronics to take deposition of Molex, Incorporated on 8/21/95 at 9:30 a.m. (lg) (Entered: 08/10/1995) |

| 08/10/1995 | 154 | NOTICE by Berg Electronics to take deposition of Craig Bixler on 8/21/95 at 9:30 a.m. (lg) (Entered: 08/10/1995) |
|---|---|---|
| 08/10/1995 | 155 | NOTICE by Berg Electronics to take deposition of Jeff Brookner on 8/21/95 at 9:30 a.m. (lg) (Entered: 08/10/1995) |
| 08/10/1995 | 156 | NOTICE by Berg Electronics to take deposition of Charles Cohen on 8/21/95 at 2:00 p.m. (lg) (Entered: 08/10/1995) |
| 08/10/1995 | 157 | NOTICE by Berg Electronics to take deposition of Tom Denton on 8/22/95 at 9:30 a.m. (lg) (Entered: 08/10/1995) |
| 08/10/1995 | 158 | NOTICE by Berg Electronics to take deposition of Doug Drew on 8/22/95 at 9:30 a.m. (lg) (Entered: 08/10/1995) |
| 08/10/1995 | 159 | NOTICE by Berg Electronics to take deposition of Robert Elsey on 8/22/95 at 2:00 p.m. (lg) (Entered: 08/10/1995) |
| 08/10/1995 | 160 | NOTICE by Berg Electronics to take deposition of John Galli on 8/22/95 at 2:00 p.m. (lg) (Entered: 08/10/1995) |
| 08/10/1995 | 161 | NOTICE by Berg Electronics to take deposition of Bud Gamage on 8/23/95 at 9:30 a.m. (lg) (Entered: 08/10/1995) |
| 08/10/1995 | 162 | NOTICE by Berg Electronics to take deposition of Don Gushurst on 8/23/95 at 9:30 a.m. (lg) (Entered: 08/10/1995) |
| 08/10/1995 | 163 | NOTICE by Berg Electronics to take deposition of Bert Jones on 8/23/95 at 2:00 p.m. (lg) (Entered: 08/10/1995) |
| 08/10/1995 | 164 | NOTICE by Berg Electronics to take deposition of Gary Kmieciak on 8/23/95 at 2:00 p.m. (lg) (Entered: 08/10/1995) |
| 08/10/1995 | 165 | NOTICE by Berg Electronics to take deposition of Brian Krausse on 8/24/95 at 9:30 a.m. (lg) (Entered: 08/10/1995) |
| 08/10/1995 | 166 | NOTICE by Berg Electronics to take deposition of Jeannette Legge on 8/24/95 at 9:30 a.m. (lg) (Entered: 08/10/1995) |
| 08/10/1995 | 167 | NOTICE by Berg Electronics to take deposition of Jim McGrath on 8/24/95 at 2:00 p.m. (lg) (Entered: 08/10/1995) |
| 08/10/1995 | 168 | NOTICE by Berg Electronics to take deposition of Mary Kate Scott on 8/25/95 at 9:30 a.m. (lg) (Entered: 08/10/1995) |
| 08/10/1995 | 169 | NOTICE by Berg Electronics to take deposition of Tim Tsoushlos on 8/25/95 at 2:00 p.m. (lg) (Entered: 08/10/1995) |
| 08/10/1995 | 170 | NOTICE by Berg Electronics to take deposition of Jeff Tillou on 8/25/95 at 9:30 a.m. (lg) (Entered: 08/10/1995) |
| 08/10/1995 | 171 | NOTICE by Berg Electronics to take deposition of Mike Ratliff on 8/24/95 at 2:00 p.m. (lg) (Entered: 08/10/1995) |
| 08/10/1995 | 172 | NOTICE by Berg Electronics to take deposition of David Christein on 8/21/95 at 2:00 p.m. (lg) (Entered: 08/10/1995) |
| 08/10/1995 | 173 | Amended NOTICE by Molex, Incorporated to take deposition of Molex, Incorporated on 8/21/95 at 9:30 a.m. (lg) (Entered: 08/11/1995) |
| 08/11/1995 | 174 | NOTICE by Molex, Incorporated to take deposition of AMP, Incorporated on 8/28/95 at 9:30 a.m. (lg) (Entered: 08/11/1995) |

| | | |
|---|---|---|
| 08/14/1995 | 175 | CERTIFICATE OF SERVICE by Berg Electronics of Subpoena for Production of Documents and Things. (lg) (Entered: 08/15/1995) |
| 08/16/1995 | 176 | Proposed Stipulated Amendment to the Protective Order filed by Berg Electronics, Molex, Incorporated (lg) (Entered: 08/16/1995) |
| 08/16/1995 | 177 | MOTION by Molex, Incorporated for Protective Order (lg) (Entered: 08/17/1995) |
| 08/17/1995 | 178 | NOTICE by Berg Electronics to take deposition under Rule 30(b)(6), FRCvP, of Molex, Incorporated on 8/21/95 at 9:30 a.m. (lg) (Entered: 08/18/1995) |
| 08/17/1995 | 179 | NOTICE by Berg Electronics to take deposition of David Vega on 8/23/95 at 9:30 a.m. (lg) (Entered: 08/18/1995) |
| 08/17/1995 | 180 | NOTICE by Berg Electronics to take deposition of Mark Jones on 8/23/95 at 9:30 a.m. (lg) (Entered: 08/18/1995) |
| 08/17/1995 | 181 | NOTICE by Berg Electronics to take deposition of Matt Korvarik on 8/24/95 at 9:30 a.m. (lg) (Entered: 08/18/1995) |
| 08/17/1995 | 182 | NOTICE by Berg Electronics to take deposition of John Newkirk on 8/24/95 at 9:30 a.m. (lg) (Entered: 08/18/1995) |
| 08/17/1995 | 183 | NOTICE by Berg Electronics to take deposition of Richard Bahou on 8/24/95 at 2:00 p.m. (lg) (Entered: 08/18/1995) |
| 08/17/1995 | 184 | NOTICE by Berg Electronics to take deposition of Molex, Incorporated on 8/23/95 at 9:30 a.m. (lg) (Entered: 08/18/1995) |
| 08/17/1995 | 185 | Subpoena for AMP, Inc. for deposition and production of documents on 8/28/95 at 9:30 a.m. (lg) (Entered: 08/18/1995) |
| 08/17/1995 | 186 | Letter from Josy W. Ingersoll, Esq. to Judge McKelvie RE: Motion for Protective Order and Notices of Deposition by Berg Electronics. (lg) (Entered: 08/18/1995) |
| 08/18/1995 | 187 | MOTION by Molex, Incorporated for Protective Order Answer Brief due 9/1/95 re: [187-1] motion (lg) (Entered: 08/21/1995) |
| 08/21/1995 | 188 | NOTICE by Molex, Incorporated to take deposition under Rule 30(b)(5) & (6), FRCvP of AMP, Incorporated on 8/28/95 at 9:30 a.m. (lg) (Entered: 08/22/1995) |
| 08/21/1995 | 189 | Supplemental Notice Pursuant to 35 USC Section 282. (lg) (Entered: 08/22/1995) |
| 08/22/1995 | 190 | NOTICE by Molex, Incorporated of Continuance of Non-Party Deposition of Vanstar on 9/5/95 at 9:00 a.m. (lg) (Entered: 08/22/1995) |
| 08/22/1995 | 191 | NOTICE by Molex, Incorporated of Continuance of Non-Party Deposition of Martin D. Wolf on 8/22/95 at 1:00 p.m. (lg) (Entered: 08/22/1995) |
| 08/22/1995 | 192 | NOTICE by Molex, Incorporated of Continuance of Non-Party Deposition of Michael D. Pickett on 9/12/95 at 9:00 a.m. (lg) (Entered: 08/22/1995) |
| 08/22/1995 | 193 | NOTICE by Molex, Incorporated of Continuance of Non-Party Deposition of Merisel, Inc. on 9/11/95 at 1:00 p.m. (lg) (Entered: 08/22/1995) |
| 08/22/1995 | 194 | NOTICE by Molex, Incorporated of Continuance of Non-Party Deposition of Custodian of Records of Merisel, Inc. on 9/11/95 at 9:00 a.m. (lg) (Entered: 08/22/1995) |
| 08/22/1995 | 196 | MOTION of Non-Party AMP Incorporated for Protective Order Pursuant to FRCvP 26 (c) (lg) (Entered: 08/23/1995) |
| 08/22/1995 | 197 | Opening Brief Filed [196-1] motion for Protective Order Pursuant to FRCvP 26(c) |

| | | Answer Brief due 9/5/95 (lg) (Entered: 08/23/1995) |
|---|---|---|
| 08/22/1995 | 195 | DUE TO A DOCKETING ERROR, THERE IS NO DOCKET ITEM NUMBER 195 FOR THIS CIVIL ACTION! (lg) (Entered: 08/24/1995) |
| 08/29/1995 | 198 | Subpoena for AMP, Inc. for deposition and production of documents 8/28/95 at 9:30 a.m. (lg) (Entered: 08/29/1995) |
| 08/29/1995 | 199 | MOTION by Berg Electronics with Proposed Order for Hearing to Establish The Proper Construction of the Asserted Claims of U.S. Patent Nos. 5,094,624 and 5,161,995 (lg) (Entered: 08/30/1995) |
| 08/29/1995 | 200 | Opening Brief Filed by Berg Electronics [199-1] motion for Hearing to Establish The Proper Construction of the Asserted Claims of U.S. Patent Nos. 5,094,624 and 5,161,995 Answer Brief due 9/12/95 (lg) (Entered: 08/30/1995) |
| 08/30/1995 | 201 | MOTION by Molex, Incorporated in Limine to Exclude Certain Opinions of Berg's Counsel (lg) (Entered: 08/30/1995) |
| 08/30/1995 | 202 | Opening Brief Filed by Molex, Incorporated [201-1] motion in Limine to Exclude Certain Opinions of Berg's Counsel/Krieger Opinions Answer Brief due 9/13/95 (lg) (Entered: 08/30/1995) |
| 08/31/1995 | 203 | NOTICE of Withdrawal by Berg Electronics of Its Opposition to Molex's Motion to Place Berg's Tort Claims into the Second Trial. (lg) (Entered: 09/01/1995) |
| 09/08/1995 | 204 | Letter from Donald F. Parsons, Jr., Esq. to Judge McKelvie to confirm that the pretrial conference has been rescheduled to begin at 1:30 p.m. on Tuesday, September 12, 1995. (lg) (Entered: 09/11/1995) |
| 09/11/1995 | 205 | Letter from Donald F. Parsons, Jr., Esq. to Judge McKelvie RE: pretrial documents. (lg) (Entered: 09/14/1995) |
| 09/11/1995 | 206 | Proposed Voir dire questions by Berg Electronics (lg) (Entered: 09/14/1995) |
| 09/11/1995 | 207 | Proposed Voir dire questions by Molex, Incorporated (lg) (Entered: 09/14/1995) |
| 09/11/1995 | 208 | Proposed Verdict Form filed by Molex, Incorporated (lg) (Entered: 09/14/1995) |
| 09/11/1995 | 209 | Proposed pre-trial order filed by Berg Electronics, Molex, Incorporated {SEALED} (lg) (Entered: 09/14/1995) |
| 09/11/1995 | 210 | Joint Pretrial Order Exhibits Filed by Berg Electronics, Molex, Incorporated {SEALED} (lg) (Entered: 09/14/1995) |
| 09/11/1995 | 211 | Proposed Jury instructions by Berg Electronics, Molex, Incorporated {SEALED} (lg) (Entered: 09/14/1995) |
| 09/12/1995 | 212 | Answer Brief Filed by Molex, Incorporated [199-1] motion for Hearing to Establish The Proper Construction of the Asserted Claims of U.S. Patent Nos. 5,094,624 and 5,161,995 Reply Brief due 9/19/95 (lg) (Entered: 09/14/1995) |
| 09/12/1995 | | Pre-trial conference held (ntl) (Entered: 10/23/1995) |
| 09/14/1995 | 213 | Interrogatories to the Jury (Berg's Proposal) (lg) (Entered: 09/15/1995) |
| 09/15/1995 | 214 | Answer Brief Filed by Berg Electronics [201-1] motion in Limine to Exclude Certain Opinions of Berg's Counsel Reply Brief due 9/22/95 (lg) (Entered: 09/15/1995) |
| 09/18/1995 | 215 | TRANSCRIPT filed for dates of 9/12/95 (ds) (Entered: 09/18/1995) |
| 09/18/1995 | 216 | Reply Brief Filed by Molex, Incorporated [201-1] motion in Limine to Exclude Certain |

| | | Opinions of Berg's Counsel (SEALED) (ds) (Entered: 09/19/1995) |
|---|---|---|
| 09/18/1995 | 217 | Joint submission of the parties' disputed jury instructions (ds) (Entered: 09/19/1995) |
| 09/20/1995 | 218 | MOTION by Berg Electronics in Limine to exclude certain testimony of Rene D. Tegtmeyer re: [218-1] motion (ds) (Entered: 09/20/1995) |
| 09/20/1995 | 219 | Opening Brief RE Memorandum in support Filed by Berg Electronics [218-1] motion in Limine to exclude certain testimony of Rene D. Tegtmeyer Answer Brief due 10/4/95 (ds) (Entered: 09/20/1995) |
| 09/20/1995 | 220 | MOTION by Molex, Incorporated with Proposed Order for David Airan to Appear Pro Hac Vice re: [220-1] motion (ds) (Entered: 09/20/1995) |
| 09/20/1995 | 221 | Molex's proposed voir dire questions (revised) (ds) (Entered: 09/20/1995) |
| 09/20/1995 | 222 | Letter dated 9/20/95 from Josy W. Ingersoll to Judge McKelvie re copy of Molex's voir dire questions (revised). (ds) (Entered: 09/20/1995) |
| 09/21/1995 | | So Ordered granting [220-1] motion for David Airan to Appear Pro Hac Vice ( signed by Judge Roderick R. McKelvie ) Notice to all parties. (ds) (Entered: 09/21/1995) |
| 09/21/1995 | | Jury trial held (day 1 of 11) (ntl) (Entered: 10/24/1995) |
| 09/22/1995 | 223 | Berg's Proposed Voir dire questions (revised) by Berg Electronics (ds) (Entered: 09/22/1995) |
| 09/22/1995 | | Jury trial held (day 2 of 11) (ntl) (Entered: 10/24/1995) |
| 09/25/1995 | | Jury trial held (day 3 of 11) (ntl) (Entered: 10/24/1995) |
| 09/26/1995 | 224 | TRANSCRIPT filed for dates of 8/25/95 tele-conference (ds) (Entered: 09/26/1995) |
| 09/26/1995 | 225 | TRANSCRIPT filed for dates of 8/22/95 tele-conference (ds) (Entered: 09/26/1995) |
| 09/26/1995 | 226 | Letter dated 9/26/95 from David M. Airan to Judge McKelvie re Molex's evidentiary objections to portions of depositions which are scheduled to be read to the jury (ds) (Entered: 09/27/1995) |
| 09/26/1995 | | Jury trial held (day 4 of 11) (ntl) (Entered: 10/24/1995) |
| 09/27/1995 | 227 | STIPULATION re exhibit 841 is a representative physical sample of the connector shown in the drawing that forms Exhibit 338 and is similar to the connectors shown to IBM before 12/18/89. (ds) (Entered: 09/28/1995) |
| 09/27/1995 | | Jury trial held (day 5 of 11) (ntl) (Entered: 10/24/1995) |
| 09/27/1995 | | Jury trial held (day 6 of 11) (ntl) (Entered: 10/24/1995) |
| 10/02/1995 | 228 | Letter dated 10/1/95 from Norman L. Norris to Judge McKelvie re trial schedule. (ds) (Entered: 10/05/1995) |
| 10/02/1995 | | Jury trial held (day 6 of 11) (ntl) (Entered: 10/25/1995) |
| 10/03/1995 | | Jury trial held (day 7 of 11) (ntl) (Entered: 10/25/1995) |
| 10/04/1995 | | Jury trial held (day 8 of 11) (ntl) (Entered: 10/25/1995) |
| 10/05/1995 | 229 | Claim Construction proposed by Molex. (ds) (Entered: 10/06/1995) |
| 10/05/1995 | | Jury trial held (day 9 of 11) (ntl) (Entered: 10/25/1995) |
| 10/06/1995 | | Jury trial held (day 10 of 11) (ntl) (Entered: 10/25/1995) |

| | | |
|---|---|---|
| 10/10/1995 | 230 | MOTION by Molex, Incorporated for Judgment As A Matter of Law on the issues of invalidity and unenforceability Answer Brief due 10/24/95 re: [230-1] motion (ds) (Entered: 10/12/1995) |
| 10/10/1995 | 231 | Berg's Proposed Verdict and Interrogatories to the jury (revised) filed by Berg Electronics (ds) (Entered: 10/12/1995) |
| 10/10/1995 | 232 | VERDICT AND INERROGATORIES TO THE JURY (ds) (Entered: 10/23/1995) |
| 10/10/1995 | | Jury trial held (day 11 of 11) (ntl) (Entered: 10/25/1995) |
| 10/17/1995 | 233 | Letter dated 10/17/95 from Donald F. parsons Jr. to Judge McKelvie re enclosed disk with jury instructions. (ds) (Entered: 10/23/1995) |
| 10/17/1995 | 234 | Revised Proposed Jury instructions (Composite) (ds) (Entered: 10/23/1995) |
| 10/18/1995 | 235 | Steno Notes for 10/18/95 by Ct Rptr Leonard Dibbs (ds) (Entered: 10/23/1995) |
| 10/18/1995 | | Tele-conference held re post-trial matters (ntl) (Entered: 10/25/1995) |
| 10/19/1995 | 237 | TRANSCRIPT filed for dates of 10/18/95 (ds) Modified on 10/23/1995 (Entered: 10/23/1995) |
| 10/23/1995 | 236 | Question from jury during deliberations. (ds) (Entered: 10/23/1995) |
| 10/23/1995 | 238 | TRANSCRIPT filed for dates of 10/3/95 Volume H (SEALED) (ds) Modified on 10/23/1995 (Entered: 10/23/1995) |
| 10/23/1995 | 239 | TRANSCRIPT filed for dates of 9/26/95 Volume D (SEALED) (ds) Modified on 10/23/1995 (Entered: 10/23/1995) |
| 10/23/1995 | 240 | TRANSCRIPT filed for dates of 10/10/95 Volume K (ds) Modified on 10/23/1995 (Entered: 10/23/1995) |
| 10/23/1995 | 241 | TRANSCRIPT filed for dates of 10/6/95 Volume J (ds) Modified on 10/23/1995 (Entered: 10/23/1995) |
| 10/23/1995 | 242 | TRANSCRIPT filed for dates of 10/5/95 Volume I (SEALED) (ds) Modified on 10/23/1995 (Entered: 10/23/1995) |
| 10/23/1995 | 243 | TRANSCRIPT filed for dates of 10/5/95 Volume I (ds) Modified on 10/23/1995 (Entered: 10/23/1995) |
| 10/23/1995 | 244 | TRANSCRIPT filed for dates of 10/4/95 Volume H (ds) Modified on 10/23/1995 (Entered: 10/23/1995) |
| 10/23/1995 | 245 | TRANSCRIPT filed for dates of 10/3/95 Volume G (SEALED) (ds) Modified on 10/23/1995 (Entered: 10/23/1995) |
| 10/23/1995 | 246 | TRANSCRIPT filed for dates of 10/3/95 Volume G (ds) Modified on 10/23/1995 (Entered: 10/23/1995) |
| 10/23/1995 | 247 | TRANSCRIPT filed for dates of 10/2/95 Volume F (SEALED) (ds) Modified on 10/23/1995 (Entered: 10/23/1995) |
| 10/23/1995 | 248 | TRANSCRIPT filed for dates of 10/2/95 Volume F (ds) (Entered: 10/23/1995) |
| 10/23/1995 | 249 | TRANSCRIPT filed for dates of 9/27/95 Volume E (ds) (Entered: 10/23/1995) |
| 10/23/1995 | 250 | TRANSCRIPT filed for dates of 9/26/95 Volume D (ds) (Entered: 10/23/1995) |
| 10/23/1995 | 251 | TRANSCRIPT filed for dates of 9/25/95 Volume C (ds) (Entered: 10/23/1995) |

| | | |
|---|---|---|
| 10/23/1995 | 252 | TRANSCRIPT filed for dates of 9/22/95 Volume B (ds) (Entered: 10/23/1995) |
| 10/23/1995 | 253 | TRANSCRIPT filed for dates of 9/21/95 Volume A (ds) (Entered: 10/23/1995) |
| 10/23/1995 | 254 | Steno Notes for 9/21/95 by Ct Rptr Leonard Dibbs (ds) (Entered: 10/23/1995) |
| 10/24/1995 | 255 | ORDER that the USM is directed to furnish lunch for nine jurors and 1 deputy USM ( signed by Judge Roderick R. McKelvie ) copies to: financial deputy (ds) (Entered: 10/24/1995) |
| 10/25/1995 | 256 | NOTICE of Filing of Berg's Proposed Claim Construction and Certain Supplemental Jury Instructions by Berg Electronics (ds) (Entered: 10/26/1995) |
| 10/31/1995 | 257 | MOTION by Berg Electronics for remittitur , or for Judgment as a Matter of Law on damages; Answer Brief due 11/14/95 re: [257-1] motion, Answer Brief due 11/14/95 re: [257-2] motion (ntl) (Entered: 11/01/1995) |
| 10/31/1995 | 258 | Opening Brief Filed by Berg Electronics [257-1] motion for remittitur ; Answer Brief due 11/14/95, [257-2] motion for Judgment as a Matter of Law ; Answer Brief due 11/14/95 (SEALED) (ntl) (Entered: 11/01/1995) |
| 10/31/1995 | 259 | MOTION by Berg Electronics to Stay Entry of jdgmnt. and issuance of Injunction ; Answer Brief due 11/14/95 re: [259-1] motion (ntl) (Entered: 11/01/1995) |
| 10/31/1995 | 260 | Opening Brief Filed by Berg Electronics [259-1] motion to Stay Entry of jdgmnt. and issuance of Injunction ; Answer Brief due 11/14/95 (ntl) (Entered: 11/01/1995) |
| 10/31/1995 | 261 | MOTION by Berg Electronics for Judgment as a Matter of Law ; Answer Brief due 11/14/95 re: [261-1] motion (ntl) (Entered: 11/01/1995) |
| 10/31/1995 | 262 | Opening Brief Filed by Berg Electronics [261-1] motion for Judgment as a Matter of Law ; Answer Brief due 11/14/95 (ntl) (Entered: 11/01/1995) |
| 10/31/1995 | 263 | MOTION by Molex, Incorporated with Proposed Order for Permanent Injunction ; Answer Brief due 11/14/95 re: [263-1] motion (ntl) (Entered: 11/01/1995) |
| 10/31/1995 | 264 | Opening Brief Filed by Molex, Incorporated [263-1] motion for Permanent Injunction ; Answer Brief due 11/14/95 (SEALED) (ntl) (Entered: 11/01/1995) |
| 10/31/1995 | 265 | AFFIDAVIT of Brian Krause Re: [263-1] motion for Permanent Injunction (SEALED). (ntl) (Entered: 11/01/1995) |
| 10/31/1995 | 266 | MOTION by Molex, Incorporated for enhanced damages , and for Attorney Fees , and costs & interest ; Answer Brief due 11/14/95 re: [266-1] motion, Answer Brief due 11/14/95 re: [266-2] motion, Answer Brief due 11/14/95 re: [266-3] motion (ntl) Modified on 11/01/1995 (Entered: 11/01/1995) |
| 10/31/1995 | 267 | Opening Brief Filed by Molex, Incorporated [266-1] motion for enhanced damages ; Answer Brief due 11/14/95, [266-2] motion for Attorney Fees ; Answer Brief due 11/14/95, [266-3] motion for costs & interest ; Answer Brief due 11/14/95------ SEALED (ntl) Modified on 11/01/1995 (Entered: 11/01/1995) |
| 11/01/1995 | 268 | MOTION by Berg Electronics for New Trial ; Answer Brief due 11/15/95 re: [268-1] motion (ntl) (Entered: 11/02/1995) |
| 11/01/1995 | 269 | Opening Brief Filed by Berg Electronics [268-1] motion for New Trial ; Answer Brief due 11/15/95. (ntl) (Entered: 11/02/1995) |
| 11/01/1995 | 270 | MOTION by Berg Electronics for judgment that the patents in suit are unenforceable; Answer Brief due 11/15/95 re: [270-1] motion (ntl) (Entered: 11/06/1995) |
| | | |

| 11/01/1995 | 271 | Opening Brief Filed by Berg Electronics [270-1] motion for judgment that the patents in suit are unenforceable; Answer Brief due 11/15/95 (ntl) (Entered: 11/06/1995) |
|---|---|---|
| 11/07/1995 | 272 | MOTION by Molex, Incorporated for Temporary Restraining Order; Answer Brief due 11/21/95 re: [272-1] motion (SEALED). (ntl) (Entered: 11/08/1995) |
| 11/07/1995 | 273 | Opening Brief Filed by Molex, Incorporated [272-1] motion for Temporary Restraining Order; Answer Brief due 11/21/95 (SEALED). (ntl) (Entered: 11/08/1995) |
| 11/07/1995 | 274 | AFFIDAVIT of Brian Krause Re: [272-1] motion for Temporary Restraining Order; (SEALED) (ntl) (Entered: 11/08/1995) |
| 11/07/1995 | 275 | Letter from J. Ingersoll, Esq. to J. McKelvie (SEALED) (ntl) (Entered: 11/08/1995) |
| 11/08/1995 | | So Ordered granting [272-1] motion for Temporary Restraining Order; ( signed by Judge Roderick R. McKelvie ) Notice to all parties. (ntl) (Entered: 11/14/1995) |
| 11/08/1995 | | Tele-conference held re TRO (ntl) (Entered: 11/29/1995) |
| 11/09/1995 | 276 | Letter from J. Ingersoll to RRM encl. agreed form of order to modify the TRO (order gr. TRO on 11/8/95 at D.I.272). (ntl) (Entered: 11/14/1995) |
| 11/09/1995 | 277 | AGREED ORDER re modifying 11/8/95 order on TRO at D.I. 272; see order for more details; ( signed by Judge Roderick R. McKelvie ) copies to: cnsl. (ntl) (Entered: 11/14/1995) |
| 11/13/1995 | 278 | Letter from J. Ingersoll to RRM encl. copies of 5 briefs filed by Molex. (ntl) (Entered: 11/14/1995) |
| 11/13/1995 | 279 | Answer Brief Filed by Berg Electronics [263-1] motion for Permanent Injunction; Reply Brief due 11/20/95 (SEALED). (ntl) (Entered: 11/15/1995) |
| 11/13/1995 | 280 | Answer Brief Filed by Berg Electronics [266-1] motion for enhanced damages; Reply Brief due 11/20/95, [266-2] motion for Attorney Fees; Reply Brief due 11/20/95, [266-3] motion costs & interest; Reply Brief due 11/20/95 (ntl) (Entered: 11/15/1995) |
| 11/13/1995 | 281 | Answer Brief Filed by Molex, Incorporated [268-1] motion for New Trial; Reply Brief due 11/20/95 (SEALED). (ntl) (Entered: 11/15/1995) |
| 11/13/1995 | 282 | Answer Brief Filed by Molex, Incorporated [270-1] motion for judgment that the patents in suit are unenforceable; Reply Brief due 11/20/95 (SEALED). (ntl) (Entered: 11/15/1995) |
| 11/13/1995 | 283 | Answer Brief Filed by Molex, Incorporated [261-1] motion for Judgment as a Matter of Law; Reply Brief due 11/20/95 (SEALED). (ntl) (Entered: 11/15/1995) |
| 11/13/1995 | 284 | Answer Brief Filed by Molex, Incorporated [257-1] motion for remittitur; Reply Brief due 11/20/95, [257-2] motion for Judgment as a Matter of Law; Reply Brief due 11/20/95 (SEALED). (ntl) (Entered: 11/15/1995) |
| 11/13/1995 | 285 | Answer Brief Filed by Molex, Incorporated [259-1] motion to Stay Entry of jdgmnt. and issuance of Injunction; Reply Brief due 11/20/95 (SEALED). (ntl) (Entered: 11/15/1995) |
| 11/22/1995 | 286 | Letter from J. Shaw to RRM encl. reply briefs. (ntl) (Entered: 11/25/1995) |
| 11/22/1995 | 287 | Reply Brief Filed by Molex, Incorporated [263-1] motion for Permanent Injunction (SEALED). (ntl) (Entered: 11/25/1995) |
| 11/22/1995 | 288 | Reply Brief Filed by Molex, Incorporated [266-1] motion for enhanced damages, [266-2] motion for Attorney Fees, [266-3] motion costs & interest (SEALED). (ntl) (Entered: |

| | | 11/25/1995) |
|---|---|---|
| 11/22/1995 | 289 | Reply Brief Filed by Berg Electronics [257-1] motion for remittitur, [257-2] motion for Judgment as a Matter of Law (SEALED). (ntl) (Entered: 11/25/1995) |
| 11/22/1995 | 290 | Reply Brief Filed by Berg Electronics [270-1] motion for judgment that the patents in suit are unenforceable; (ntl) (Entered: 11/25/1995) |
| 11/22/1995 | 291 | Reply Brief Filed by Berg Electronics [261-1] motion for Judgment as a Matter of Law (ntl) (Entered: 11/25/1995) |
| 11/22/1995 | 292 | Reply Brief Filed by Berg Electronics [268-1] motion for New Trial (ntl) (Entered: 11/25/1995) |
| 11/22/1995 | 293 | Reply Brief Filed by Berg Electronics [259-1] motion to Stay Entry of jdgmnt. and issuance of Injunction (ntl) (Entered: 11/25/1995) |
| 11/29/1995 | | Tele-conference held re status of case (ntl) (Entered: 11/30/1995) |
| 12/01/1995 | 294 | Steno Notes for 11/29/95 (reporter K. Maurer) (ntl) (Entered: 12/02/1995) |
| 12/01/1995 | 295 | Letter from D. Parsons to RRM encl. prop. Judgment, Order of Injunction and redacted settlement agreement. (ntl) (Entered: 12/02/1995) |
| 12/01/1995 | 296 | Proposed Judgment filed by Berg Electronics, Molex, Incorporated (ntl) (Entered: 12/02/1995) |
| 12/01/1995 | 297 | Proposed Order of Injunction filed by Berg Electronics, Molex, Incorporated (ntl) (Entered: 12/02/1995) |
| 12/01/1995 | 298 | Settlement Agreement {REDACTED} by Berg Electronics, Molex, Incorporated {SEALED}. (ntl) (Entered: 12/02/1995) |
| 12/04/1995 | 299 | TRANSCRIPT filed for dates of 11/8/95 (ntl) (Entered: 12/05/1995) |
| 12/05/1995 | 300 | Letter from Josy W. Ingersoll, Esq. to J. McKelvie enclosing substitute originals of the Judgment and Order of Injunction originally submitted 12/1/95 with misplaced signatures. (ntl) (Entered: 12/05/1995) |
| 12/05/1995 | | So Ordered granting [296-1] proposed JUDGMENT ( signed by Judge Roderick R. McKelvie ) Notice to all parties. (ntl) (Entered: 12/06/1995) |
| 12/05/1995 | | So Ordered granting [297-1] proposed order of injunction ( signed by Judge Roderick R. McKelvie ) Notice to all parties. (ntl) (Entered: 12/06/1995) |
| 12/05/1995 | | Case closed (ntl) (Entered: 12/06/1995) |
| 02/26/1996 | 301 | Letter from D. Parsons, Esq. to RRM advising that a redacted non-confidential copy of Joint Pretrial Order has been filed with Clerk. (ntl) (Entered: 02/26/1996) |
| 02/26/1996 | 302 | JOINT PRETRIAL ORDER (Redacted Non-Confidential Copy) (ntl) (Entered: 02/26/1996) |
| 03/27/1996 | 303 | Exhibits returned to cnsl. for Berg re pltf.'s exh. and joint exh. from P.I. Hearing 2/95 and jury trial Sept./Oct. 1995 (consisting of 4 boxes). (ntl) (Entered: 03/27/1996) |
| 03/27/1996 | 304 | Exhibits returned to cnsl. for Molex re dft.'s exh. from jury trial Sept./Oct. 1995 (5 binders). (ntl) (Entered: 03/27/1996) |
| 03/27/1996 | 305 | Exhibit list by Berg Electronics, Molex, Incorporated for jury trial 9/21/95 to 10/10/95. (ntl) (Entered: 03/27/1996) |

| | | |
|---|---|---|
| 04/11/1996 | | Tele-conference held re protective order. (ntl) (Entered: 04/12/1996) |
| 04/11/1996 | 306 | Steno Notes for 4/11/96 teleconf. (crt. rprtr. V. Gunning). (ntl) (Entered: 04/12/1996) |
| 04/16/1996 | | Exit report with copy of judgment (D.I. 296) to Commissioner of Patents and Trademarks. (ntl) (Entered: 04/16/1996) |
| 08/12/1996 | 307 | ORDER re return of sealed docs. to cnsl. ( signed by Judge Roderick R. McKelvie ) copies to: cnsl. (ntl) (Entered: 09/11/1996) |
| 08/28/1996 | 308 | Letter from J. Ingersoll, Esq. to clerk re jointly filed sealed docs. (ntl) (Entered: 09/11/1996) |
| 08/28/1996 | 309 | Return Acknowledgment of receipt of sealed docs. by B. Castle, Esq. (ntl) (Entered: 09/11/1996) |
| 09/03/1996 | 310 | Return Acknowledgment of receipt of sealed docs. by J.B. Blumenfeld, Esq. (ntl) (Entered: 09/11/1996) |
| 09/03/1996 | 311 | Return Acknowledgment of receipt of sealed docs. by J.B. Blumenfeld, Esq. (ntl) (Entered: 09/11/1996) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 04/05/2007 14:10:45 | | |
| **PACER Login:** | kk0025 | **Client Code:** | 12003/000045 |
| **Description:** | Docket Report | **Search Criteria:** | 1:94-cv-00470-RRM Start date: 1/1/1970 End date: 4/5/2007 |
| **Billable Pages:** | 13 | **Cost:** | 1.04 |