IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FCI USA, INC. and <br> FCI AMERICAS TECHNOLOGY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MOLEX INCORPORATED, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 07-49-JJF <br> ) <br> ) <br> ) <br> ) <br> ) |

**STIPULATED PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c)(7), the parties stipulate to the following protective order in the above-captioned case.

1. **Definitions**

    (a) "CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY" includes material that is commercially sensitive, confidential or proprietary and includes a trade secret, confidential research and development (including technical product information and non-commercialized products), strategic business plans (including financial and market analyses, forecasts, and budgets) or commercial information (including customer lists, contact information, inventories, production, sales, costs, margins, profits/losses), that has not been made public and which disclosure to persons other than those authorized under Paragraph 5(a) would have the effect of causing harm to the competitive commercial position of the Designating Party or a third party. A Designating Party shall only designate information as "CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY" if the Designating Party reasonably believes, in good faith, after review by an attorney or paralegal assistant, that good cause exists for such information to be treated as "CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY" pursuant to the terms of this Stipulated

Protective Order (this "Order"). "CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY" Information shall include documents produced during discovery, answers to interrogatories and responses to requests for admissions, depositions, hearing or trial transcripts, and tangible things that are designated pursuant to this Order, the Information contained therein and all copies, abstracts, excerpts, analyses or other writings that contain, reflect or disclose such information.

(b) "Designating Party" means (a) any party to this case producing documents or information designated by such party as CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY under this Order; and/or (b) any non-party producing documents or information in connection with this case designated by such non-party as CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY under this Order.

2. **Designation of Confidential Material**

When responding to requests for production of documents served pursuant to Fed. R. Civ. P. 33 or 34 or otherwise, or when disclosing information pursuant to Fed. R. Civ. P. 26(a)(1), any party may designate as CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY any document in whole or part that it believes contains CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY information by affixing to such a document the designation "CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY" or words of similar import. Documents so marked and all information derived therefrom including testimony, briefs, notes, copies, abstracts, excerpts or summaries that contain, reflect, or disclose the same shall be treated in accordance with the terms of this Order.

Information is not properly designated as CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY subject to this Order if it: (i) is in the public domain; (ii) becomes part of the public domain by publication or other means, except an unauthorized act or omission on the part of the

receiving party; (iii) is supplied to the receiving party by a third party who is under no obligation to maintain such information in confidence; and/or (iv) is or becomes known to the receiving party without any breach of this Order or other confidentiality obligations.

3.  **Objections to Designation**

If any party objects to the designation of any materials as CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY, such party shall state the objection in writing to counsel for the Designating Party. If the parties are then unable to resolve the objection within ten (10) days, the objecting party may move the Court to do so. Until an objection to the designation of a document has been resolved by agreement of counsel or by order of the Court, the document shall be treated as designated by the Designating Party and subject to this Order. The Designating Party shall have the burden of establishing that the information was properly designated. If an objecting party does not make a timely motion, such objection is deemed withdrawn.

4.  **Limitations on Use**

Materials designated CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY may be used by the persons properly receiving such material only for the purpose of preparing for and conducting pretrial and trial proceedings in this action or in C.A. No. 3:07-cv-00039-BES-VTC pending in the District of Nevada or in related appellate proceedings and for no other purpose.

5.  **Limitations on Disclosure**

(a)  Except as the Court may otherwise expressly direct, or the Designating Party may expressly agree in writing, material designated CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY may be disclosed only to the following persons:

3

(1)  outside attorneys who are members of or associated with the law firms that are attorneys of record for each party and who are actively engaged in this litigation, and to paralegal assistants, technical advisors, office clerks, secretaries and other support staff assisting such attorneys in this litigation;

(2)  designated outside experts and consultants who are retained for consultation or for testimony in this litigation, who agree to be bound by the terms of this Order, and who are designated in advance to the other party in accordance with paragraph 6 below;

(3)  non-technical jury or trial consultants retained by outside counsel;

(4)  graphics or design firms retained by outside counsel for the receiving party for the purpose of preparing demonstrative or other exhibits for depositions, trials, or other court pleadings in this action, including their supporting personnel;

(5)  document imaging and database services personnel retained by outside counsel, and consultants retained by outside counsel to set up, maintain and/or operate computer systems, litigation databases or convert data for inclusion in such databases;

(6)  licensed court reporters and videographers employed in connection with this Action; and

(7)  the Court, its clerks and secretaries.

6. **Objections to Disclosure**

(a)  Prior to disclosure of any material designated CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY to any person described in paragraph 5(a)(2), counsel for the party

4

proposing to disclose such CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY information shall first provide such person with a copy of this Order, and shall cause him to execute an undertaking in the form of Exhibit A, attached hereto. In addition, at least ten (10) days prior to disclosing any CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY information to such person, counsel proposing the disclosure shall provide to the Designating Party a written notice identifying the name of the person, and shall also serve a copy of the undertaking executed by such person. In addition, counsel proposing the disclosure shall provide to the Designating Party a written notice with said person's resume including present occupation, employer and position, and any other business affiliation relating to the subject matter of the litigation (including client relationships, if appropriate).

    (b)    If the Designating Party for the CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY information objects in writing within ten (10) days after receiving such notice, no disclosure of CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY information will be made until the objection is resolved by agreement of counsel or by order of the Court. The counsel objecting to a proposed disclosure hereunder shall hereby be deemed to certify that there are good grounds for the objection and shall state such grounds in the written objection.

7.    **Depositions**

If, in the course of this proceeding, depositions are conducted that involve CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY information, counsel for the witness or party producing such information may state, on the record, the portion of the deposition which counsel believes may contain CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY information. If such designation is made, that portion of the deposition will be taken with no one present except those persons who are authorized to have access to such CONFIDENTIAL – OUTSIDE

ATTORNEYS ONLY information in accordance with this Protective Order, the reporter, and (if used) the videographer. Subject to the terms hereof, "CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY" information may be disclosed by a receiving party to the witness during a deposition, to the extent that its use is necessary and for purposes of the deposition(s) of:

(a) the present Directors or Officers of the producing party;

(b) present employees of the producing party, to the extent such persons would be entitled to receive such information pursuant to the producing party's internal policies respecting confidentiality;

(c) an author, addressee, or other person, including former employees, indicated as a recipient of a document containing the information;

(d) any witness selected by a designating party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure;

(e) a person clearly identified in prior discovery or by the deponent in his or her deposition as an author or recipient of the information (without prior disclosure of the specific confidential information);

(f) an independent advisor, consultant or expert otherwise qualified under this Stipulated Protective Order to receive such information; or

(g) any person for whom prior authorization is obtained from the producing party or the Court.

Each party shall have until thirty (30) calendar days after receipt of the deposition transcript within which to inform the other parties to the action of the portions of the transcript (by specific page and line reference) to be designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY." The right to make such designation shall be waived unless made within the thirty (30)

calendar day period, but shall not affect the status of any other CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY information, whether or not closely related. Prior to such designation, or expiration of the thirty (30) calendar day period, the entire deposition transcript shall be deemed "CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY" information. Transcripts of testimony, or portions thereof, designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY" shall be filed only under seal as described in paragraph 8, until further order of the Court.

8.  **Use in Court before Trial**

Any written material constituting or disclosing CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY information that is filed with the Clerk of the Court, including court papers, shall be filed in a sealed envelope or other appropriate sealed container on which shall be endorsed the title of this action, an indication of the nature of its contents, the identity of the Party filing the material, and the word "**CONFIDENTIAL**." The first page of each such document shall contain a written statement in substantially the following form:

> "TO BE FILED UNDER SEAL - CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO THE STIPULATED PROTECTIVE ORDER ENTERED ON [DATE]"

Any party may request the Court to hold any court proceeding *in camera* during which CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY information is likely to be disclosed.

9.  **Use at Trial**

Any CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY information that is designated to be introduced at trial by any party shall be handled at trial in the manner deemed to be the most appropriate by the Court in furtherance of justice or according to the manner stipulated and agreed to by all parties.

10. **Inadvertent Disclosure of Privileged Information**

The inadvertent or unintentional disclosure by the producing party of information subject to the attorney-client privilege or work-product doctrine or any other applicable privilege or immunity shall not be deemed a waiver in whole or in part of the party's claim of privilege or work-product immunity, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. If a party has inadvertently produced information subject to a claim of privilege or immunity, the receiving party shall take reasonable steps to ensure that all known copies of such information, documents or things are returned promptly to the producing party. After return of the information documents or things, the receiving party may challenge the producing party's claim of privilege and/or work product by filing a motion with the Court. Any determination by the Court on the producing party's claim of privilege and/or work product shall be made without regard to the fact that such information, documents and things have been produced so long as such production was made inadvertently. The receiving party shall bear the burden of proving that such production was not made inadvertently.

11. **Safeguarding Information**

(a) If CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY information is inadvertently disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure must immediately inform the Designating Party of the pertinent facts relating to such disclosure and shall make reasonable efforts to prevent disclosure by each unauthorized person who received such information.

(b) CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY information shall be maintained by the recipient of such information in a secure manner.

12. **Advice to Client**

Nothing in this Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this litigation and, in the course thereof, relying in a general way upon his or her examination of CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY materials produced or exchanged in this litigation; provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the contents of the CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY information.

13. **Return and Destruction**

Within thirty (30) days after termination of this litigation, including any post-trial proceedings and appeals, all copies of any CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY materials shall either be returned to the Designating Party or, in the sole discretion of the Designating Party, destroyed, except that the attorneys of record for each party may retain one copy or sample of the CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY materials for reference in the event of a dispute over the use or dissemination of information, and may retain any CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY materials that include or reflect attorney work product.

14. **Amendments**

Nothing contained in this Order shall prejudice in any way the right of any party to seek, by way of consent of the other party or by application to the Court, (a) additional protection for specific items of CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY materials; or (b) relief from the provisions of this Order with respect to specific items or categories of CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY materials.

15. **Continuing Effect**

After the termination of this action, this Order shall continue to be binding upon the parties thereto and all persons to whom CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY materials has been disclosed or communicated. In the event that this action or any portion thereof is transferred to another judicial district pursuant to order of the Court, this Order shall continue in full force and effect for any portion not transferred, and for any portion transferred until modified or vacated by the transferee court.

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | YOUNG, CONAWAY, STARGATT & TAYLOR LLP |
|---|---|
| */s/ Thomas C. Grimm* | */s/ Karen L. Pascale* |
| Thomas C. Grimm (#1098)<br>Leslie A. Polizoti (#4299)<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>(302) 658-9200<br>tgrimm@mnat.com<br>lpolizoti@mnat.com<br>*Attorneys for Plaintiffs* | Josy Ingersoll (#1088)<br>Karen L. Pascale (#2903)<br>Adam W. Poff (#3990)<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE 19899-0391<br>(302) 571-6600<br>jingersoll@ycst.com<br>apoff@ycst.com<br>*Attorneys for Defendant* |
| OF COUNSEL:<br><br>Albert J. Breneisen<br>George E. Badenoch<br>KENYON & KENYON LLP<br>One Broadway<br>New York, NY 10004<br>(212) 425-7200<br><br>John W. Bateman<br>Michael M. Shen<br>Yariv Waks<br>KENYON & KENYON LLP<br>1500 K Street, NW<br>Washington, DC 20005<br>(202) 220-4200 | OF COUNSEL:<br><br>John W. Kozak<br>Dennis R. Schlemmer<br>Caryn Borg-Breen<br>LEYDIG, VOIT & MAYER, LTD.<br>Two Prudential Plaza – Suite 4900<br>180 North Stetson Avenue<br>Chicago, IL 60601-6780 |

Dated: August 14, 2007.

The Honorable Joseph J. Farnan, Jr.
United States District Judge

## EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FCI USA, INC. and<br>FCI AMERICAS TECHNOLOGY, INC.,<br><br>      Plaintiffs,<br><br>v.<br><br>MOLEX INCORPORATED,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 07-49-JJF |

**UNDERTAKING OF** _____

I, _____, hereby certify that:

1. I live at _____, and am employed by _____ where I hold the position of _____.

2. I have read and agree to bound by the terms of the Stipulated Protective Order entered in the above-captioned action, and I understand its terms and the obligations.

3. I agree to use the confidential information provided to me under the Stipulated Protective Order only for purposes of this litigation.

  4.  I agree to return the confidential information provided to me, including materials that I may prepare concerning the confidential information, under the Stipulated Protective Order upon conclusion of the above-captioned case.

  5.  I understand that my failure to abide by terms of the Stipulated Protective Order entered in the above-captioned action will subject me, without limitation, to civil and criminal penalties for contempt of Court.

  6.  I submit to the jurisdiction of the United States Court of the District of Delaware solely for the purpose of enforcing the terms of the Stipulated Protective Order entered in the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.

  I make this certificate this ____ day of _____, 20___.

                    _____
                          (SIGNATURE)

1153609