IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FCI USA, INC. and<br>FCI AMERICAS TECHNOLOGY, INC., | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) <br> ) | C.A. No. 07-49-JJF |
| v. | ) <br> ) | |
| MOLEX INCORPORATED, | ) <br> ) | |
| Defendant. | ) <br> ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION
FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

Pursuant to Fed. R. Civ. P. 15(a), Plaintiffs FCI USA, Inc. and FCI Americas Technology, Inc. (collectively, "FCI") respectfully submit this brief in support of *Plaintiffs' Motion For Leave to File a Second Amended Complaint* ("Motion"). FCI seeks to amend its Complaint in order to add a count of infringement by Defendant Molex Incorporated ("Defendant") related to U.S. Patent No. 7,229,318 B2 ("'318 patent"). The '318 patent recently issued and is closely related to the FCI patents already involved in this litigation. For the reasons stated below, FCI's Motion should be granted.

**I.    STATEMENT OF FACTS**

FCI filed the original Complaint in this litigation on January 26, 2007. (D.I. 1.) FCI's original Complaint, in part, asserted counts of patent infringement by Defendant of FCI's U.S. Patent Nos. 6,981,883 B2 ("'883 patent") and 7,114,964 B2 ("'964 patent"). (D.I. 1 at 3-5.) These counts of infringement stemmed from Defendant's activities related to its high-speed, shieldless electrical connectors, including those marketed under the "I-Trac" name (hereinafter, "I-Trac connectors"). (D.I. 1 at 3-5.) On February 27, 2007 and before any responsive pleading

by Defendant, FCI filed an amended complaint (hereinafter "First Amended Complaint"). FCI's First Amended Complaint added a claim of patent infringement by Defendant of FCI's U.S. Patent No. 7,182,643 B2, which issued that same day on February 27, 2007. (D.I. 7.)

On June 12, 2007, the '318 patent issued from the United States Patent & Trademark Office ("USPTO"). *See* '318 patent attached as Exhibit D to the proposed Second Amended Complaint, which is attached as Exhibit 1 to the Motion filed herewith. The '318 patent is related to the '883 patent, the '964 patent, and the '643 patent (collectively "patents already in suit"). Namely, the '318 patent is closely related to the '643 patent because both are continuations of the same parent. As such, the '318 patent has the same disclosure as the '643 patent, and only the claims differ. Additionally, the '318 patent is related to the '883 patent and the '964 patent in that they all claim priority to the same application. FCI's infringement claims with respect to the '318 patent will be based on Defendant's same direct, induced, and contributory infringing activities related to its I-Trac connectors as the patents already in suit.

August 31, 2007 is the last day for the parties to amend the pleadings. (D.I. 25 at ¶ 5.)

This case is still in its infant stages. Defendant has yet to answer the First Amended Complaint. Initial disclosures were exchanged on May 1, 2007. Discovery in this case is still in its early stages. The parties have served and responded to each other's first set of document requests and interrogatories in early June and early July respectively, and have just begun exchanging documents. No depositions have taken place or are even scheduled.

FCI's proposed Second Amended Complaint is attached as Exhibit 1 to the Motion filed herewith. For the Court's convenience, a marked-up version showing the changes

between the First Amended Complaint and FCI's proposed Second Amended Complaint is attached as Exhibit 2 to the Motion.

## II.     ARGUMENT

### A.     Controlling Law

The decision to grant or deny leave to amend is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Although within the district court's discretion, the Supreme Court has held: "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Id*. *See also Arthur v. Maersk, Inc.*, 434 F.3d 196, 202 (3rd Cir. 2006); *Micron Tech., Inc. v. Rambus, Inc.*, 409 F. Supp. 2d 552, 558 (D. Del. 2006); *Agere Sys. Guardian Corp. v. Proxim, Inc.*, 190 F. Supp. 2d 726, 732 (D. Del. 2002). While the court has discretion to grant or deny leave to amend, leave should be freely granted in accordance with Rule 15(a) unless there is an apparent or declared reason for denial. *Trueposition, Inc. v. Allen Telecom, Inc.*, No. CIV.A.01-823 GMS, 2002 WL 1558531 at *1 (D. Del. July 16, 2002).

Leave to amend must generally be granted unless equitable considerations render it otherwise unjust. *Foman*, 371 U.S. at 182; *Arthur*, 434 F.3d at 204. Absent a clear reason -- such as undue delay, bad faith or dilatory motive on the movant's part, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment -- the leave sought should be freely given. *Id*. The "Third Circuit Court of Appeals has found that absent a clear reason such as delay, bad faith, or prejudice, it is an abuse of discretion for a district court to deny leave to amend." *Agere Sys.*, 190 F. Supp. 2d at 732. None of these factors is present here.

**B.      There Is No Undue Delay, Bad Faith, or Dilatory Motive on FCI's Part**

As noted above, the '318 patent recently issued from the USPTO in June 2007.

FCI could not have possibly added this patent earlier than the date of issuance, and the interim

period between issuance and this motion can hardly be viewed as undue delay, bad faith or

dilatory in view of the infancy of this case.

**C.      Defendant Will Not Be Prejudiced by FCI's Amendment**

Permitting FCI to amend its complaint to add the '318 patent will not unduly

prejudice Defendant.  First, discovery remains in the earliest stages -- the parties have just begun

exchanging documents and no depositions have been taken or are even scheduled.  Therefore, the

addition of the new closely related patent will not affect the procedural progress or trial date of

this case in any way.  Moreover, Defendant was aware of the '318 patent's imminent issuance

and was expecting to litigate the '318 patent.  *See* Exhibit 3 to the Motion filed concurrently

herewith, Complaint from *Molex Incorporated v. FCI Americas Technology Inc.*, C.A. No. 3:07-

cv-00039-BES-VPC (Nevada Declaratory Judgment Complaint).   Finally, FCI's claims of

infringement of the '318 patent will be based on the same activities -- those related to

Defendant's I-Trac connectors -- underlying FCI's allegations for the claims already in suit and,

thus, will not significantly increase Defendant's discovery burden (if at all).

Rather than being prejudicial, adding the '318 patent to this litigation is in the

interest of both parties and judicial economy because it is preferable for these closely related

patents to be litigated together at one time.  The less desirable alternative is a separate lawsuit,

much of which will be cumulative of the present litigation.

**D.    No Other Reasons Justify Denying Leave to Amend**

FCI's amendment is not futile.  Like the patents already in suit, the '318 patent is presumed valid and enforceable.  35 U.S.C. § 282.  Finally, FCI's request to amend the complaint to add a newly issued and closely related patent is not a deficiency that FCI failed to cure through any prior granted amendment since FCI's First Amended Complaint was filed on February 27, 2007, before the '318 patent issued.  *Foman*, 371 U.S. at 182.

**III.    CONCLUSION**

For the reasons above, Plaintiffs' Motion for Leave to File a Second Amended Complaint should be granted.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Benjamin J. Schladweiler*

_____

Thomas C. Grimm (#1098)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
tgrimm@mnat.com
bschladweiler@mnat.com
*Attorneys for Plaintiffs*

OF COUNSEL:

Albert J. Breneisen
George E. Badenoch
KENYON & KENYON LLP
One Broadway
New York, NY 10004
(212) 425-7200

John W. Bateman
Michael M. Shen
Yariv Waks
KENYON & KENYON LLP
1500 K Street, NW
Washington, DC 20005
(202) 220-4200

August 31, 2007
1224543

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to all registered participants.

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on August 31, 2007 upon the following individuals in the manner indicated:

**BY HAND & E-MAIL**

Josy W. Ingersoll
Adam W. Poff
YOUNG, CONAWAY, STARGATT
  & TAYLOR LLP
The Brandywine Building,
1000 West Street, 17th Floor
Wilmington, DE 19899-0391

**BY E-MAIL**

John W. Kozak
Dennis R. Schlemmer
Caryn C. Borg Breen
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza, Suite 4900
180 N. Stetson Avenue
Chicago, IL 60601-6780

*/s/ Benjamin J. Schladweiler*

Benjamin J. Schladweiler (#4601)
bchladweiler@mnat.com

1224543